PEOPLE v GOLBA

Docket No. 262261. Submitted November 8, 2006, at Grand Rapids. Decided January 16, 2007, at 9:05 a.m. Leave to appeal sought.

Thomas I. Golba was charged in the Berrien County Trial Court, Criminal Division, with one count of possession of child sexually abusive material, MCL 750.145c(4), and one count of unauthorized access to a computer, MCL 752.795. The jury convicted the defendant of the latter charge, but could not reach a verdict on the possession charge, for which the court, Angela M. Pasula, J., declared a mistrial. The court sentenced the defendant to probation with jail time and ordered the defendant to register as a sex offender pursuant to the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* The defendant appealed the sex-offender-registration requirement.

The Court of Appeals *held*:

1. The trial court did not err by requiring the defendant to register as a sex offender. SORA requires an individual convicted of a listed offense to register. A violation of MCL 752.795 is not specifically designated as a listed offense. The catchall definition of "listed offense" in MCL 28.722(e)(*xi*), however, includes any violation of a state law or local ordinance that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. Conduct violating a law or ordinance that has inherent qualities pertaining to or involving sex fits this definition. For a statute such as MCL 752.795, which can also be violated by conduct that is nonsexual in nature, whether the offense is by its nature a sexual offense depends on the defendant's conduct that formed the basis of the conviction. The defendant used his school computer in violation of the school's computer-use policy to download pornography, which he viewed in the presence of a 16-year-old female student. He also used the computer to send sexually explicit e-mails to that student and to solicit sex from her. The trial court did not err by determining that the defendant's conduct in violation of MCL 752.795 was an offense that by its nature constituted a sexual offense against an individual who was less than 18 years of age.

2. The order requiring the defendant to register as a sex offender did not violate his due process rights or right to a jury trial. The United States Supreme Court has held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Ordering compliance with SORA, however, is not a punishment and thus does not violate this rule.

Affirmed.

White, J., dissenting, disagreed that the offense of which the defendant was convicted falls within the catchall definition of "listed offense." The offense does not by its nature constitute a sexual offense. There was also evidence that the defendant committed a violation of MCL 752.795 in a manner that had nothing to do with a sexual offense, e.g., by allowing others to use his user name and password and asking a student to install a program on his computer. While there was testimony that the offense was committed in a fashion involving sexual aspects, it is impossible to determine on which basis the jury concluded that the offense had been committed, especially when the jury could not reach agreement on the other charge of possession of child sexually abusive material.

CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — LISTED OFFENSES.

The listed offenses for which convicted individuals are required to register under the Sex Offenders Registration Act include any violation of a state law or local ordinance that by its nature constitutes a sexual offense against an individual who is less than 18 years of age; conduct violating a state law or ordinance that has inherent qualities pertaining to or involving sex fits this definition; for a statute that can also be violated by conduct that is nonsexual in nature, whether the offense is by its nature a sexual offense depends on the individual's conduct that formed the basis of the conviction, and the court must determine at sentencing whether the offense is a listed offense under the catchall definition (MCL 28.722[e][*xi*], 769.1[13]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *James A. Cherry*, Prosecuting Attorney, and *Aaron J. Mead*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Tat Parish, P.L.L.C.* (by *Tat Parish*), for the defendant.

Before: O'CONNELL, P.J., and WHITE and MARKEY, JJ.

MARKEY, J. Defendant was charged with one count of possession of child sexually abusive material, MCL 750.145c(4), and one count of unauthorized access to computers, MCL 752.795. A jury convicted defendant of unauthorized access to computers. The trial court sentenced defendant to serve 3½ years' probation and 120 days in jail. The court also ordered defendant to register as a sex offender under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* Defendant appeals by right, arguing that the trial court misapplied SORA and that requiring him to register under the act violates his constitutional rights. We affirm.

Defendant first argues that he was convicted of a computer crime under MCL 752.795, which does not require proof of sexual misconduct. Defendant contends that because his violation of MCL 752.795 does not constitute a sexual offense against an individual who was less than 18 years of age, the trial court erred in ordering him to register under SORA. We disagree. The construction and application of SORA presents a question of law that we review de novo. *People v Meyers,* 250 Mich App 637, 643; 649 NW2d 123 (2002).

SORA requires an individual who is convicted of a listed offense after October 1, 1995, to register as a sex offender. MCL 28.723(1)(a). "Listed offense," as defined in MCL 28.722(e), includes this catchall provision: "Any . . . violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age." MCL 28.722(e)(*xi*).[1] In further

---

[1] At the time of the offense, this catchall provision was found in MCL 28.722(d)(*x*); when defendant was convicted, this same provision was denominated MCL 28.722(e)(*x*).

clarification of this catchall provision, the Code of Criminal Procedure, which governs the imposition of sentences, provides:

> If the defendant is sentenced for an offense other than a listed offense as defined in section 2(d)(*i*) to (*ix*) and (*xi* ) to (*xiii*) of the sex offenders registration act, 1994 PA 295, MCL 28.722, the court shall determine if the offense is a violation of a law of this state or a local ordinance of a municipality of this state that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. If so, the conviction is for a listed offense as defined in section 2(d)(*x*)[2] of the sex offenders registration act, 1994 PA 295, MCL 28.722, and the court shall include the basis for that determination on the record and include the determination in the judgment of sentence. [MCL 769.1(13).]

Except when an individual is convicted of certain offenses not applicable here, a person required to register as a sex offender must comply with SORA for a period of 25 years following the date of initial registration or for 10 years following the person's release from a state correctional facility, whichever is longer. MCL 28.725(6).

Defendant was charged with possession of child sexually abusive material, MCL 750.145c(4), which is a listed offense under SORA. MCL 28.722(e)(*i*). But the jury failed to reach a verdict on this charge, so the trial court declared a mistrial. Thus, defendant was not convicted of the listed offense of possession of child sexually abusive material. Defendant was convicted of unauthorized access to computers in violation of MCL 752.795, which provides in relevant part:

> A person shall not intentionally and without authorization or by exceeding valid authorization do any of the following:

---

[2] MCL 28.722(d)(*x*), now MCL 28.722(e)(*xi*). See n 1 of this opinion.

(a) Access or cause access to be made to a computer program, computer, computer system, or computer network to acquire, alter, damage, delete, or destroy property or otherwise use the service of a computer program, computer, computer system, or computer network.

A violation of MCL 752.795 is not specifically designated as a listed offense in MCL 28.722, and defendant contends that violation of the statute does not "by its nature constitute[] a sexual offense against an individual who is less than 18 years of age." MCL 28.722(e)(*xi*). Thus, defendant argues that the trial court erred by requiring him to register as a sex offender. Defendant's argument is without merit.

This Court has opined that the plain language of the SORA catchall provision at issue requires the simultaneous existence of three conditions before a person must register as a sex offender: (1) the defendant must have been convicted of a state-law violation or a municipal-ordinance violation, (2) the violation must, "by its nature," constitute a "sexual offense," and (3) the victim of the violation must be under 18 years of age. *Meyers, supra* at 647.

Regarding the first element, defendant does not dispute that he was convicted of the state-law violation of accessing or allowing access to a computer without authorization. MCL 752.795. And the trial court's entry of an order placing defendant on probation for that offense satisfies the SORA definition of being "convicted." MCL 28.722(a)(*i*).

With respect to the second element necessary to invoke the SORA catchall provision, the *Meyers* Court noted that the Legislature "did not define what it meant by a violation that, 'by its nature,' constitutes a 'sexual offense.'" *Meyers, supra* at 647. The *Meyers* Court observed that a dictionary definition of the

phrase "by its nature" suggests that it means "according to 'inherent qualities.' " *Id.*, citing Random House Webster's College Dictionary (1997), p 872. Further, "[a] 'sexual offense' is the legal 'transgression' that is 'of or pertaining to sex.' " *Meyers, supra* at 647, citing *Random House Webster's College Dictionary* (1997), pp 907, 1185. The Court concluded that "[t]here can be no debate that conduct violating a state criminal law or municipal ordinance that has inherent qualities pertaining to or involving sex fits this second element." *Meyers, supra* at 647-648.

In *Meyers,* the 64-year-old defendant accessed an Internet chat room and entered into a discussion with a person he believed to be a 12-year-old girl. Their two-hour discussion concerned oral sex, which the defendant hoped to obtain from the girl. In reality, the defendant was conversing with an adult police officer. *Id.* at 638-639. The defendant was charged with violating MCL 750.145d, which at the time of the alleged offense provided:

> "(1) A person shall not use the internet or a computer, computer program, computer network, or computer system to communicate with any person for the purpose of doing any of the following:

> * * *

> "(b) Committing, attempting to commit, conspiring to commit, or soliciting another person to commit conduct proscribed under section 145a, 157c, 350, 411h, or 411i." [*Meyers, supra* at 639, quoting MCL 750.145d, as amended by 1999 PA 235.]

The prosecution's theory in *Meyers* was that the defendant had used the Internet to attempt to commit an act in violation of MCL 750.145a.[3] *Meyers, supra* at

---

[3] MCL 750.145a provided at the time that

639. The defendant pleaded guilty to the charge. At his sentencing hearing, the defendant argued that, because he did not commit a listed offense, he was not required to register as a sex offender under SORA. The trial court rejected the defendant's argument and ordered him to comply with SORA. On appeal, this Court affirmed the trial court's decision. This Court observed that to be convicted of violating MCL 750.145a required the use of a computer to commit an underlying crime. *Meyers, supra* at 648. The Court also observed that not all the potential "underlying" offenses—including stalking, MCL 750.411h, aggravated stalking, MCL 750.411i, inducing a minor to commit a felony, MCL 750.157c, and kidnapping a child, MCL 750.350—were inherently related to sex. *Meyers, supra* at 648. And the *Meyers* Court further noted that with respect to the "underlying" offense of accosting a child, "MCL 750.145a explicitly includes the possibility that the criminal conduct at issue was sexual in nature in that the statute refers to 'sexual intercourse,' [but] accosting a child may also consist of nonsexual acts, such as 'delinquency.' " *Id.* Nevertheless, after examining the conduct of the defendant that formed the basis of his conviction, the Court concluded that defendant had committed an inherently sexual offense for purposes of SORA. The Court opined:

> At first blush, this possibility—that the conduct that each of these statutes prohibits might not require a sexual

---

[a]ny person who shall accost, entice, or solicit a child under the age of 16 years with intent to induce or force said child to commit an immoral act, or to submit to an act of sexual intercourse, or an act of gross indecency, or any other act of depravity or delinquency, or shall suggest to such child any of the aforementioned acts, shall on conviction thereof be deemed guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year.

component—suggests that these are not statutes that encompass inherently sexual offenses. However, by referring to "sexual offenses," rather than "sexual offense statutes," the language of MCL 28.722(d)(x)[4] directs us to *examine the unique nature of the criminal conduct underlying the charge that the defendant violated a state law or municipal ordinance to determine whether the criminal conduct was inherently sexual.* Only the facts of the individual "offense" itself will reveal whether the stalking, kidnapping, felony inducement, or accosting offense was inherently sexual, as this second element requires. In this case, there is no question that Meyers' online discussion was, "by its nature," sexual in that it specifically involved graphic discussions of oral sex, which Meyers hoped to obtain from the person with whom he was conversing over the Internet. [*Id.* at 648-649 (emphasis added).]

As in *Meyers*, we recognize that conduct that is nonsexual in nature may violate MCL 752.795.[5] Further, in this case, the statute could be applied to defendant's nonsexual behavior. The undisputed evidence established that, in violation of school policy, defendant allowed students to access his computer. Further, he provided an entire class with his user name and password, again in violation of the school's policy concerning acceptable uses of a computer. This evidence, alone, was sufficient to support a finding that defendant violated MCL 752.795. Nevertheless, we are bound to follow the *Meyers* Court's interpretation of the SORA catchall provision. MCR 7.215(J)(1).

---

[4] See n 1 of this opinion.

[5] See, e.g., *Martinez v Mueller,* unpublished opinion per curiam of the Court of Appeals, issued April 27, 2006 (Docket No. 266200); *People v Schilke,* unpublished opinion per curiam of the Court of Appeals, issued May 3, 2005 (Docket No. 253117); *People v Helleman,* unpublished opinion per curiam of the Court of Appeals, issued September 10, 2001 (Docket No. 217190).

Moreover, we find additional support for the *Meyers* holding that whether an offense is "by its nature . . . a sexual offense" within the meaning of MCL 28.722(e)(*xi*) depends on the defendant's conduct that formed the basis for the conviction, regardless of the fact that the statute could be applied to nonsexual behavior in other circumstances. *Meyers, supra* at 648-649. When a court is imposing sentence for an offense that potentially falls within the meaning of the catchall provision of MCL 28.722, the Code of Criminal Procedure directs that the sentencing court "shall determine if the offense . . . by its nature constitutes a sexual offense against an individual who is less than 18 years of age." MCL 769.1(13). And, "[i]f so, . . . the court shall include the basis for that determination on the record and include the determination in the judgment of sentence." *Id.* If the sentencing court's "determination" could be made as a matter of law only from the language of the criminal statute at issue, there would be little reason for including the requirement that the sentencing court "include the basis for that determination on the record." Thus, the requirement that the sentencing court's determination that an offense falls within the SORA catchall provision be made "on the record" implies that the Legislature intended sentencing courts to make findings of fact regarding the underlying conduct in individual cases to support the determination that the offense "by its nature constitutes a sexual offense against an individual who is less than 18 years of age." MCL 769.1(13); MCL 28.722(e)(*xi*). Thus, we agree with *Myers* that the underlying factual basis for a conviction governs whether the offense "by its nature constitutes a sexual offense against an individual who is less than 18 years of age."

In the present case, the evidence introduced at trial supported the trial court's findings that defendant

violated the school's computer acceptable use policy by downloading pornography on his school computer and that he viewed the pornography on the computer in the presence of a 16-year-old female student. The evidence also supported the trial court's finding that defendant used the computer to solicit sex from the student. The student received sexually explicit e-mails from an e-mail address that defendant admitted was his. The e-mails, which were sent to the student's e-mail address, graphically described sexual acts and contained explicit references to oral sex and sexual intercourse. Copies of the e-mail messages indicate that defendant sent the e-mails to the student during or shortly after school hours. Defendant's act of accessing the computer for the purpose of sending sexually explicit e-mails to this minor student and soliciting sex from her violated the school's policy on acceptable uses of a computer. The policy expressly prohibited users from accessing pornographic materials or inappropriate text files and prohibited users from sending or receiving e-mails that contained "pornographic material" or "inappropriate information." Defendant's conduct was sufficient to support a finding that he intentionally and without authorization, or by exceeding valid authorization, accessed or caused access to be made to the computer in violation of MCL 752.795.

Furthermore, the trial court did not clearly err in determining that defendant's conduct in violation of MCL 752.795 pertained to sex. *Meyers, supra* at 647. In addition, the trial court did not clearly err in finding that the victim of defendant's conduct in violating MCL 752.795 was "an individual who is less than 18 years of age." MCL 28.722(e)(*xi*). The undisputed evidence in this case establishes that defendant intentionally and without authorization, or by exceeding valid authorization, accessed the school's computer and sent sexually

explicit e-mails to a 16-year-old female student and solicited sex from her, in violation of the school's computer policy and in violation of MCL 752.795. Thus, the trial court did not clearly err in finding that defendant committed an offense that "by its nature constitutes a sexual offense against an individual who is less than 18 years of age." MCL 28.722(e)(*xi*). The trial court's determination in this regard was primarily a factual question for the trial court. MCL 769.1(13). We review underlying factual findings of the trial court at sentencing for clear error. MCR 2.613(C); *People v Witherspoon*, 257 Mich App 329, 335 n 1; 670 NW2d 434 (2003). The evidence presented at trial supported the trial court's findings in this case. Therefore, the trial court did not err in ordering defendant to comply with SORA.

We reject defendant's argument that because the jury did not find him guilty of possession of child sexually abusive material, the trial court erred in considering the evidence regarding the child pornography found on his computer in determining whether the conviction for unauthorized access to computers constituted a sexual offense. Defendant misplaces reliance on *Koetje v Kent Co Prosecutor's Office,* unpublished opinion per curiam of the Court of Appeals, issued June 7, 2005 (Docket No. 252343). First, *Koetje* is an unpublished opinion that lacks binding precedential effect under the rule of stare decisis. MCR 7.215(C)(1). Second, *Koetje* is distinguishable from the instant case. In *Koetje,* contrary to the instant case, there was no evidence in the record to support the trial court's finding that the defendant engaged in sexual misconduct.

In addition, the jury in this case did not acquit defendant of the charge of possession of child sexually abusive material. Rather, the jury could not agree on a

verdict on the charge, and the trial court declared a mistrial on that count. Although an acquittal or conviction is considered an adjudication on the merits, a mistrial is " '[a] trial that the judge brings to an end, without a determination on the merits . . . .' " *People v Grace,* 258 Mich App 274, 280; 671 NW2d 554 (2003), quoting Black's Law Dictionary (7th ed). When a court declares a mistrial, "there has not been an assessment of the sufficiency of the prosecution's proofs." *People v Mehall,* 454 Mich 1, 5; 557 NW2d 110 (1997).

We also reject defendant's argument that the trial court's determination that he committed a sexual offense was based on an improper assumption of guilt on the charge of possession of child pornography. A sentence is invalid when it is based on improper assumptions of guilt. *People v Miles,* 454 Mich 90, 96; 559 NW2d 299 (1997). But this is because a sentence must be based on accurate information. *Id.* A trial court may consider facts concerning uncharged offenses, pending charges, and even acquittals, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence. *People v Ewing (After Remand),* 435 Mich 443, 446; 458 NW2d 880 (1990) (BRICKLEY, J.); *id.* at 473 (BOYLE, J.); *People v Coulter (After Remand),* 205 Mich App 453, 456; 517 NW2d 827 (1994). Further, as here, the trial court may consider at sentencing evidence admitted during the trial. *People v Compagnari,* 233 Mich App 233, 236; 590 NW2d 302 (1998); *People v Gould,* 225 Mich App 79, 89; 570 NW2d 140 (1997). Moreover, as discussed earlier, there was sufficient evidence, even without considering the allegations that defendant possessed child pornography, to support the trial court's finding that defendant committed a sexual offense.

Next, defendant argues that by ordering him to register under SORA, the trial court impermissibly violated his Fifth Amendment right to due process of law and his Sixth Amendment right to a jury trial, as enforced against states by the Fourteenth Amendment. Specifically, defendant relies on the rule enforcing these constitutional rights stated in *Apprendi v New Jersey,* 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and quoted in *Blakely v Washington,* 542 US 296, 301; 124 S Ct 2531; 159 L Ed 2d 403 (2004): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Defendant contends that the trial court violated this rule by ordering defendant to register under SORA, which has a 25-year-compliance requirement, on the basis of facts that the court found but the jury did not. We disagree that the trial court's fact-finding violated the *Apprendi-Blakely* rule. We review constitutional issues de novo. *In re Ayres,* 239 Mich App 8, 10; 608 NW2d 132 (1999).

Because the trial court clearly made additional findings of fact beyond those made by the jury in ordering defendant to register under SORA, the crux of the issue presented here is whether compliance with SORA is a "penalty" within the meaning of the *Apprendi-Blakely* rule. In applying this rule, "the relevant inquiry is one not of form, but of effect—does the required [judicial fact-] finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Apprendi, supra* at 494. The prosecution argues that compliance with SORA is not a punishment and, therefore, does not increase a defendant's maximum sentence in violation of the *Apprendi-Blakely* rule. Defendant argues that the prosecution mistakenly relies on caselaw in other contexts holding that compliance with

SORA is not a punishment. He argues that the issue is one of first impression. Although we agree that the issue defendant raises has not yet been decided by a Michigan appellate court, we conclude that compliance with SORA is not a punishment and, therefore, that ordering defendant to comply with SORA does not violate the *Apprendi-Blakely* rule.

Both this Court and federal courts have reviewed and rejected a number of constitutional challenges to SORA. In *Doe v Kelley*, 961 F Supp 1105 (WD Mich, 1997), the United States District Court for the Western District of Michigan determined that SORA did not violate the Ex Post Facto Clause or the Double Jeopardy Clause, deprive persons subject to its requirements of liberty or property without due process of law, or violate privacy rights. Nor did SORA impose cruel and unusual punishment or constitute an unlawful bill of attainder. The United States District Court for the Eastern District of Michigan rejected similar challenges to SORA and also determined that SORA violates neither the Equal Protection Clause of the Fourteenth Amendment nor substantive due process. *Lanni v Engler*, 994 F Supp 849 (ED Mich, 1998). In analyzing the asserted constitutional claims, these two federal courts were required to examine whether SORA was a form of criminal punishment. For example, in reviewing the double jeopardy claim, the issue was whether compliance with SORA had the effect of imposing multiple criminal punishments for the same offense. *Lanni, supra* at 852. As Judge McKeague explained, the ex post facto, double jeopardy, cruel and unusual punishment, and bill of attainder constitutional challenges "essentially devolve[] into a determination of one question: whether retroactive application of the [public] notification provisions [of SORA] constitutes 'punishment.' " *Kelley, supra* 1108. The court noted that in the context of

criminal justice, "punishment, generally, is the deliberate imposition, by some agency of the state, of some measure intended to chastise, deter or discipline an offender." *Id.* Both federal courts found that SORA was not punitive, but was a remedial regulatory scheme furthering a legitimate state interest. *Kelley, supra* 1110; *Lanni, supra* at 854. "[T]he purpose of the act was to protect the public, and not to punish sex offenders." *Id.* at 855. In sum, both federal courts determined that any detrimental effects of SORA on sex-offender registrants were not so significant as to warrant finding that the act imposed a criminal penalty affecting constitutional rights. *Id.; Kelley, supra* 1110-1112.

The first published opinion of this Court to address a constitutional challenge to SORA adopted the reasoning of *Kelley* and *Lanni. Ayers, supra* at 18 ("We agree with both *Kelley, supra,* and *Lanni, supra,* and adopt their analyses as our own."). Subsequent panels of this Court also adopted the reasoning of the *Kelley* and *Lanni* courts regarding constitutional challenges to SORA. See *In re Wentworth,* 251 Mich App 560, 565; 651 NW2d 773 (2002) ("We likewise agree with the *Lanni* court that no due process rights are implicated by the SORA. The SORA did not deprive [the] respondent of liberty. . . . Injury to a person's reputation is not a protected liberty or property interest."), and *People v Pennington,* 240 Mich App 188, 197; 610 NW2d 608 (2000) ("We agree with the analyses in both *Lanni, supra,* and *Kelley, supra,* and adopt their reasoning as our own.").

In *Ayres,* a case involving an adjudication of a juvenile for second-degree criminal sexual conduct, the Court considered whether requiring the respondent to register under SORA as a sex offender constituted cruel

or unusual punishment under the Michigan Constitution, Const 1963, art 1, § 16. *Ayers, supra* at 12-13. Thus, the Court had to decide if SORA's requirements constituted "punishment" within the meaning of that constitutional protection. *Id.* at 14. The *Ayres* Court quoted extensively the *Kelley* court's analysis of " 'the totality of circumstances, and particularly (1) legislative intent, (2) design of the legislation, (3) historical treatment of analogous measures, and (4) effects of the legislation.' " *Id.* at 15, quoting *Kelley, supra* at 1108. In analyzing these factors, as noted earlier, the *Kelley* court concluded that SORA did not impose " 'punishment' under the Eighth Amendment." *Ayers, supra* at 16-17. The *Ayers* Court also quoted extensively and adopted the analysis of the *Lanni* court in its determination that the notification and registration provisions of SORA did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* at 17-18. But the *Ayers* Court buttressed its conclusion that SORA did not violate Michigan's prohibition against cruel or unusual punishment because it "is not, in the constitutional sense, a form of 'punishment,' " with the fact that SORA at that time exempted juveniles from the provisions requiring public notification. *Id.* at 18-21; see, also, *Wentworth, supra* at 568-569.

In *Pennington*, this Court addressed whether the requirements of SORA amounted to a criminal punishment within the context of a double jeopardy challenge. The defendant was convicted and sentenced for a listed offense, first-degree criminal sexual conduct, before the effective date of SORA. The defendant contended that requiring him to comply with the act violated the ex post facto clauses of both the Michigan and United States constitutions. *Pennington, supra* at 191 n 1. In particular, the defendant argued that SORA was an ex

post facto law as applied to him because it increased the punishment for a crime committed before the effective date of the act. *Pennington, supra* at 192. Thus, the issue whether SORA's requirements impose a criminal penalty was squarely presented in *Pennington.* The Court, agreeing with and adopting the analysis of *Lanni* and *Kelley,* concluded that SORA is directed at protecting the public with no punitive purpose; therefore, it does not violate the constitutional prohibitions against ex post facto laws. *Pennington, supra* at 197.

In *Wentworth,* this Court again addressed a due process challenge to SORA with respect to the adjudication of a juvenile for a listed offense. *Wentworth, supra* at 561, 563. Although the Court found the application of SORA to juvenile sex offenders to be "draconian," the Court nevertheless held that the act did not unconstitutionally deprive the respondent of a liberty or privacy interest. *Id.* at 568. Specifically, the Court

> conclude[d] that the requirements of the SORA are not an unconstitutional infringement of respondent's protected liberty, property, or privacy interests, and that the state is not required to engage in due process beyond that afforded in respondent's juvenile court proceedings before including information about respondent in the public database of registered sex offenders. [*Id.* at 567.]

Other courts reviewing the constitutionality of SORA have also upheld the act. SORA does not violate a defendant's procedural due process rights. *Fullmer v Michigan Dep't of State Police,* 360 F3d 579, 582 (CA 6, 2004). A defendant does not have a legitimate privacy interest in preventing the compilation and dissemination of truthful information that is already a matter of public record. *Akella v Michigan Dep't of State Police,* 67 F Supp 2d 716, 728-730 (ED Mich, 1999). Further,

SORA does not violate a defendant's substantive due process rights. *Id.* at 732-733. SORA "advances a legitimate government interest in protecting the community by promoting awareness of the presence of convicted sex offenders from whom certain members of the community may face a danger." *Id.* at 733.

From our analysis of SORA and the cases addressing its constitutionality, some principles emerge that apply to our determination whether judicial fact-finding regarding SORA violates the *Apprendi-Blakely* rule. First, SORA does not impose a penalty in the form in which criminal statutes generally express maximum penalties. That is, SORA does not affect a person's liberty by imposing additional confinement beyond the statutorily authorized maximum penalty. Nor does SORA improperly deprive a person convicted of a listed offense of property by imposing an additional fine beyond the statutorily authorized maximum penalty. Second, the prior decisions of this Court, which we must follow, and the federal courts' analyses that this Court has adopted have concluded that SORA does not impose a penalty or punishment as a sanction for a criminal violation, that is, that it is not "the deliberate imposition, by some agency of the state, of some measure intended to chastise, deter or discipline an offender." *Kelley, supra* at 1108. Rather, SORA is a remedial regulatory scheme furthering a legitimate state interest of protecting the public; it was not designed to punish sex offenders. *Kelley, supra* at 1110; *Lanni, supra* at 854-855. Consequently, we conclude that judicial fact-finding in applying SORA does not violate defendant's constitutional rights to a jury trial and due process of law as announced by the Supreme Court in *Apprendi, supra* at 490: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[6]

We affirm.

O'CONNELL, P.J., concurred.

WHITE, J. (*dissenting*). I respectfully dissent. I am unable to agree that defendant was properly required to register under the Sex Offenders Registration Act (SORA). The offense of which defendant was convicted —unauthorized access to computers, MCL 752.795—is not a listed offense. Nor does it fall within the then-applicable catchall provision of MCL 28.722(e)(*x*).[1]

---

[6] Our conclusion is supported by the decisions of courts in other jurisdictions that have been confronted with *Apprendi-Blakely* challenges regarding the application of their own sex-offender-registry statutes. Since 1994, federal legislation has required states, on pain of losing certain federal funding for crime prevention, to enact a sex-offender-registration-and-community-notification program. See 42 USC 14071; see also *Lanni, supra* at 851. Although the issue we decide today is one of first impression in Michigan, it has been similarly decided by other state courts that have held that *Apprendi-Blakely* does not apply to judicial fact-finding related to sex-offender registration because compliance with the registration requirements is not a punishment. See, e.g., *People v Stead,* 66 P3d 117, 120 (Colo App, 2002) ("Because we conclude that the registration and Internet posting provisions of [Colorado's sex-offender-registration law] do not constitute punishment, *Apprendi* is inapplicable."); *Young v State,* 370 Md 686, 690; 806 A2d 233 (2002) ("*Apprendi* does not apply, because sex offender registration does not constitute punishment in the constitutional sense, as defined by the United States Supreme Court, and, therefore, the factual predicate finding by the trial court was not a fact that increased the penalty for the crime beyond the statutory maximum within the meaning of *Apprendi*."); *Commonwealth v Kopicz,* 840 A2d 342, 348 (Pa Super, 2003) ("Because the [Pennsylvania] Supreme Court found that the registration, notification and counseling provisions were nonpunitive, Appellant is not subject to 'enhanced punishment' by virtue of his adjudication as a sexually violent predator.").

[1] This was the provision applicable at the time defendant was tried. This catchall provision is now found at MCL 28.722(e)(*xi*).

The jury failed to convict defendant of possession of child sexually abusive material. I do not agree that MCL 28.722(e)(*x*) contemplates that the court can conclude on the basis of the evidence presented that a defendant committed an offense of which the jury failed to convict him. Although I agree with the majority that a mistrial because of a hung jury does not constitute an acquittal, it also does not constitute a conviction, and the prosecution's remedy is a retrial if it seeks to require registration under the SORA.

Regarding the offense of which defendant was convicted, unauthorized access to computers, the offense does not by its nature constitute a sexual offense. Further, unlike the situation in *People v Meyers,* 250 Mich App 637; 649 NW2d 123 (2002), there was evidence in this case to support that the offense was committed in a manner that had nothing to do with a sexual offense: defendant admitted that he allowed students and another teacher to use his user name and password, which was contrary to the computer use policy, and that he asked the student witness to install a file-sharing program on his computer. While there was testimony from which one could conclude that the offense was committed in a fashion that did involve sexual aspects, it is impossible to determine on which basis the jury concluded that the offense had been committed, especially when the jury was unable to reach agreement on the other charge. Under these circumstances, I am unable to agree that defendant was convicted of an offense that by its nature constitutes a sexual offense and must conclude that the court erred in determining that defendant is required to register under the SORA.