# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 14, 2015

Plaintiff-Appellee,

v

No. 321846
Kent Circuit Court

ZEBULON TIMOTHY NESTER,

LC No. 13-009718-FC

Defendant-Appellant.

Before: SERVITTO, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted, following a jury trial, of assault with intent to rob while unarmed, MCL 750.88. The trial court sentenced defendant to 5 years and 6 months' to 15 years' imprisonment. Defendant appeals by right. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant shot the victim during a house party, resulting in wounds to the victim's left arm and hip. The prosecution charged defendant with assault with intent to rob while armed, felonious assault, and felony-firearm. At trial, defendant asserted that the shooting occurred as a result of a botched drug deal. He testified that the victim drew a handgun on defendant, and that defendant accidentally discharged the firearm while disarming the victim. The victim and several other witnesses testified that defendant initially pointed a handgun at the victim, a struggle ensued for the gun, and the victim was shot. The jury acquitted defendant of the charged offenses, finding him guilty of a lesser included offense of assault with intent to rob while unarmed.

At sentencing, defendant objected to the assessment of 25 points for offense variable (OV) 1 (aggravated use of a weapon), five points for OV 2 (lethal potential of the weapon used or possessed), and 25 points for OV 3 (physical injury to the victim), because defendant was acquitted of the charges of which possession of a weapon was an element. Specifically, defendant argued that the jury "didn't find [defendant] had that gun at the time." The trial court agreed with the scoring of OV 1, as "clearly a firearm was discharged at or toward a human being, and whoever brought the gun to the party, it wound up being shot at [the victim], and he got rather badly wounded in the process." The trial court also found that OV 2 was properly scored because the weapon was a pistol. Finally, the trial court agreed with the assessment of 25 points for OV 3 because "we clearly have a life threatening injury occurring to a victim." This

-1-

appeal followed. On appeal, defendant only challenges the application of these offense variables to his minimum sentence.

## II. STANDARD OF REVIEW

The proper application of the legislative sentencing guidelines is a question of law that we review de novo. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008). We review the factual determinations underlying a trial court's offense variable assessment for clear error; such determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

## III. ANALYSIS

Defendant challenges the trial court's assessment of 25 points for offense variable (OV) 1, five points for OV 2, and 25 points for OV 3. Defendant argues that because the jury acquitted him of any offense involving possession or use of a weapon, these OVs are inapplicable, and the trial court therefore erred in scoring them.

Defendant's argument is without merit. Assault with intent to rob while unarmed is a crime against a person. MCL 777.16d. MCL 777.22(1) instructs that a trial court must score OVs 1, 2, and 3, amongst others, for all crimes against a person. Accordingly, the trial court was required to score OVs 1, 2, and 3. Moreover, when applying the sentencing guidelines, "[a] sentencing court may consider all record evidence before it," including trial testimony. *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). Provided that the trial court's scoring of the guidelines is supported by record evidence, it "need not be consistent with the jury verdict." *People v Perez*, 255 Mich App 703, 712; 662 NW2d 446 (2003). A sentencing court may also "consider facts concerning . . . even acquittals, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence." *People v Golba*, 273 Mich App 603, 615; 729 NW2d 916 (2007). Only facts (other than the fact of a prior conviction) that "increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *People v Althoff*, 280 Mich App 524, 540; 760 NW2d 764 (2008); see also *People v Herron*, 303 Mich App 392, 399; 845 NW2d 533 (2013), lv held in abeyance 846 NW2d 924 (2014); *People v Lockridge*, 304 Mich App 278, 284; 849 NW2d 388 lv granted 496 Mich 852 (2014) (lead opinion by O'Connell, J.).

Defendant's sentence is within the statutory maximum of 15 years' imprisonment for assault with intent to rob while unarmed. MCL 750.88. Therefore, the facts underlying the trial court's scoring need only be supported by a preponderance of the evidence. *Golba*, 273 Mich App at 615; *Hardy*, 494 Mich at 438. Although the jury acquitted defendant of those charges that required a finding, beyond a reasonable doubt, that defendant had possessed or used a firearm, the trial court was required to score OVs 1, 2, and 3 by looking at defendant's conduct during the crime for which he was convicted. So long as a preponderance of record evidence supported the facts underlying the trial court's assessments, *Hardy*, 494 Mich at 438, there was no error.

OV 1 instructs trial courts to assess 25 points where "[a] firearm was discharged at or toward a human being." MCL 777.31(1)(a). It is undisputed that a firearm was discharged at the victim. Numerous witnesses testified in support of this; defendant admitted that he "pried" the firearm from the victim, and then "accidentally shot him." The victim suffered gunshot wounds. A preponderance of the evidence thus supports a finding that "[a] firearm was discharged at or toward a human being." MCL 777.31(1)(a).

OV 2 directs trial courts to assess five points where "[t]he offender possessed or used a pistol." MCL 777.32(1)(d). Multiple witnesses testified that they saw defendant with a pistol, and that he shot the victim with it. Defendant also stated in his testimony that he had possession of the pistol at the time it was fired. Accordingly, a preponderance of the evidence supports a finding that defendant "possessed or used a pistol." MCL 777.32(1)(d).

Finally, OV 3 instructs trial courts to assess 25 points where "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). Testimony at trial established that the victim required emergency medical services. The victim indicated in his victim impact statement that, eight months after the shooting, the bullet was still lodged in his pelvis, he still experienced difficulty grasping and carrying things with his left arm, and he had problems walking any distance. In light of the victim's ongoing incapacitating injury, a preponderance of the evidence supports a finding that he suffered a "[l]ife threatening or permanent incapacitating injury." MCL 777.33(1)(c). A preponderance of the evidence thus supported the trial court's scoring assessments.

Because the trial court's scoring of the guidelines need not be consistent with the jury's verdict, *Perez*, 255 Mich App at 712, and a preponderance of record evidence supported the trial court's scoring of OVs 1, 2, and 3, there was no error and defendant is not entitled to resentencing. *Hardy*, 494 Mich at 438.

Affirmed.

/s/ Deborah A. Servitto
/s/ Jane M. Beckering
/s/ Mark T. Boonstra