# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JEREMIAH ALLEN DEWEY,

        Defendant-Appellant.

UNPUBLISHED
February 16, 2016

No. 324275
Presque Isle Circuit Court
LC No. 13-092844-FC

Before: RONAYNE KRAUSE, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Jeremiah Allen Dewey, was convicted of one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b (multiple variables), in lower court number 13-092851-FC and four counts of CSC I, MCL 750.520b (multiple variables), in lower court number 13-0928844-FC. He was sentenced to concurrent prison terms of 13 to 25 years in 13-092851-FC and 22 to 40 years in 13-0928844-FC. In light of our decision in *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (2015), and our Supreme Court's decision in *People v Lockridge*, 498 Mich 358; ___ NW2d ___ (2015), we remand this matter for further proceedings.

## I. BACKGROUND

Defendant's convictions arise out of a series of sexual assaults against his girlfriend's daughter, BG. When BG was just four or five years old, defendant began sexually assaulting her "almost every other day." While defendant and BG resided in the same home, he would lead BG upstairs to a bedroom, shut and lock the door, and anally penetrate her with his penis on each occasion. In one specific instance, defendant also orally penetrated her with his penis as well. When she turned seven years old, BG moved from defendant's home. However, when she was 13 years old, she returned to defendant's home because her mother and brother continued to reside with defendant, and defendant sexually assaulted her again. After a track practice, while helping BG stretch, defendant massaged her back, pulled down her shorts, and digitally penetrated her vagina. After declining defendant's request to repeat this on a daily basis, BG reported the years of abuse to her grandmother, a friend, her mother, and a counselor.

Defendant was eventually charged with four counts of CSC I, MCL 750.520b, in 13-092844-FC and charged with one count of CSC I, MCL 750.520b, in 13-092851-FC, and separate juries found him guilty of the same. Defendant was sentenced to 22 to 40 years' imprisonment in 13-092844-FC and 13 to 15 years' imprisonment in 13-092851-FC. Both

sentences constituted upward departures from the now-advisory sentencing guidelines ranges. This appeal followed.

## II. ANALYSIS

### A. SENTENCING

On appeal, defendant challenges the trial court's upward departure and scoring of offense variable (OV) 13.

### 1. UPWARD DEPARTURE

First, defendant argues that the trial court failed to articulate substantial and compelling reasons to support its upward departure as well as violated the principle of proportionality. However, trial courts are no longer required to articulate substantial and compelling reasons to depart from the applicable guidelines range. *Lockridge*, 498 Mich at 391-392. Instead, while the trial court is still required to consult the now-advisory sentencing guidelines, its sentence must only be reasonable. *Id*. at 392. A sentence is reasonable if it fulfills the principle of proportionality test set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 24. Accordingly, because the trial court did not have the benefit of the *Lockridge* or *Steanhouse* decisions when it determined defendant's sentences, this matter must be remanded for further proceedings pursuant to *Steanhouse*. On remand, pursuant to *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 11-12, defendant may avoid resentencing by promptly notifying the trial court that resentencing will not be sought. See, e.g., *People v Shank*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 2-3.

### 2. OFFENSE VARIABLE SCORING

Defendant also contends that the trial court erred in scoring OV 13 at 50 points in 13-092844-FC. OV 13 is to be scored at 50 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a). In scoring OV 13, all crimes committed by defendant, including the sentencing offense, within a five-year period must be counted. MCL 777.43(2)(a). This is true regardless of whether those offenses resulted in a conviction. *Id*. Additionally, with limited exceptions that are not applicable here, conduct scored in OV 11 or OV 12 is not to be considered for purposes of OV 13. MCL 777.43(2)(c).

We conclude that the trial court correctly scored OV 13. The trial court, expressly recognizing that it could not consider the incident of both anal and oral penetration because that was conduct used to score OV 11, nevertheless scored OV 13 at 50 points because defendant sexually abused BG "almost every other day." These sexual assaults, specifically anal penetration of a child under 13 years old, constitute a crime. While defendant claims that they should not be considered because they were uncharged offenses, "[a] trial court may consider facts concerning *uncharged offenses*, pending charges, and even acquittals, provided that the defendant is afforded the opportunity to challenge the information and, if challenged, it is substantiated by a preponderance of the evidence." *People v Golba*, 273 Mich App 603, 614; 729 NW2d 916 (2007) (emphasis added). Here, there was a factual basis at trial to support the

trial court's scoring of OV 13 at 50 points, and defendant was provided with an opportunity to challenge the same. Thus, the trial court properly scored OV 13.

## B. DOUBLE JEOPARDY

Defendant additionally argues that the trial court violated double jeopardy protections by punishing him more than the Legislature intended. The federal and state constitutions both protect a person from being placed in jeopardy for the same offense twice. US Const, Am V; Const 1963, art 1, § 15. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). It is designed to "protect the defendant from having more punishment imposed than the Legislature intended." *People v Ford*, 262 Mich App 443, 447-448; 687 NW2d 119 (2004).

In this case, defendant argues, without citation to support authority, that he was subject to more punishment than the Legislature intended because the trial court used the acts committed in 13-092844-FC to support an upward departure in 13-092851-FC and vice versa. As the statutory sentencing guidelines are now advisory, defendant could not have been subjected to more punishment than the Legislature intended where his sentence was higher than the advisory minimum but did not exceed the statutory maximum. Furthermore, defendant was not subjected to multiple punishments for the same offense. The trial court punished defendant for the crime or crimes that he was convicted of in 13-092844-FC and 13-092851-FC. The court's consideration of his conduct in both cases for sentencing purposes served only to determine an appropriate sentence. Accordingly, we conclude that the trial court did not violate double jeopardy protections by punishing him more than the Legislature intended.

## III. CONCLUSION

In sum, we conclude that the trial court correctly scored OV 13 at 50 points. We also conclude that defendant was not unconstitutionally subject to double jeopardy. We do, however, remand this matter for further proceedings as explained in *Steanhouse*.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

-3-