*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CRYSTAL L. SHELTON-RANDOLPH,

        Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 360679
Genesee Circuit Court
LC No. 14-035996-FC

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's judgment of sentence requiring her to register as a tier I sex offender. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from the death of defendant's two-year-old son on November 22, 2013. At approximately 4:30 p.m., paramedics were dispatched to defendant's apartment where defendant's son was observed lying naked on a towel on the floor. Defendant was kneeling over the child performing CPR. Once inside the ambulance, paramedics noticed bleeding around the child's rectum, small bruises on the left side of his body up to his temple and left arm, and three to five "fresh scratches" across his forehead. Defendant told paramedics that the child was in the bath, started choking, and stopped breathing. After the child arrived at the hospital, a doctor pronounced him dead.

Rhonda Ruterbusch, a registered nurse and sexual assault nurse examiner, testified that she examined the child's body at the hospital and collected samples. Ruterbusch saw that the child had bruising on his left side, including his temple, chest, and left arm, and a circular shape on the left side of his chest that looked like a bite mark. His belly was distended. There was dried blood at the opening of his penis, and dried blood around his anal area. Ruterbusch opened his anal opening and the rectal area

---

[1] *People v Shelton-Randolph*, unpublished order of the Court of Appeals, entered May 23, 2022 (Docket No. 360679).

was "severely lacerated, just pocketed with blood. Pure blood was in there, bright red." Ruterbusch also testified that the child's anal opening had no muscle tone, and it was open "about the size of a half a dollar."

On the basis of the autopsy, Dr. Patrick Cho of the Genesee County Medical Examiner's Office testified that the child had abrasions and contusions on his head and face, skin missing on the bridge of his nose, abrasions behind his left ear, a torn upper lip, and a torn bottom frenulum. The child had "lacerations about the perianal area as well as rectum internally," and these injuries were most likely caused by a foreign object because they were not linear tears. The child had hemorrhages on the back of his rib cage and around his sigmoid colon caused by blunt force or pressure to the abdomen. Dr. Cho concluded that the cause of death was "multiple blunt force injuries," and the manner of death was homicide because the child could not have caused these injuries to himself.

Defendant pleaded *nolo contendere* to an amended charge of second-degree murder, MCL 750.317,[2] for the November 2013 death of her two-year-old son. The trial court entered a judgment of sentence imposing a prison sentence of 180 to 600 months' imprisonment and requiring defendant to register as a tier I sex offender under the "catchall provision," MCL 28.722(s)(*vi*), of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, as amended by 2011 PA 17.[3] Defendant appealed her sentence contesting the registration requirement, and this Court remanded "for the trial court to follow the proper procedures to determine whether defendant must register as a sex offender." *People v Shelton-Randolph*, unpublished per curiam opinion of the Court of Appeals, issued December 28, 2017 (Docket No. 335044), p 1.

On remand, the trial court held a hearing in which it again determined that defendant was subject to registration. The court noted that while testimony from the preliminary examination indicated that there could have been other explanations for the lacerations on the skin of the anus and the internal hemorrhage, Dr. Cho believed "it was a blunt object or blunt force[,] most likely a foreign object." The trial court further noted that "a foreign object suggests sexual activity in the rectum or in the anus." Therefore, the trial court concluded that "while the name of the charge by its nature does not constitute a sexual offense, the activity underlying the charge does." This appeal followed.

## II. STANDARDS OF REVIEW

The interpretation and application of SORA is a question of law that this Court reviews de novo. *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009). The trial court's underlying factual

---

[2] Defendant was originally charged with felony murder, MCL 750.316(1)(b), first-degree criminal sexual conduct, MCL 750.520b(1)(a), and first-degree child abuse, MCL 750.136b(2). In exchange for defendant's plea, the prosecutor agreed to refrain from reissuing charges from the death of the child's twin two months earlier. Defendant further agreed to give the children's ashes to their paternal grandmother and register as applicable.

[3] We apply the version of SORA that was in effect at the time of the offense. See *People v Milton*, 186 Mich App 574, 582; 465 NW2d 371 (1990) ("Amendments of criminal statutes concerning sentences or punishment are not retroactive."). The language of the subject catchall provision remains the same, but the provision has been renumbered as MCL 28.722(r)(*vii*). See 2020 PA 295, effective March 24, 2021.

findings are reviewed for clear error. *Id*. Clear error exists when this Court is left with the definite and firm conviction that a mistake has been made. *Id*.

III. ANALYSIS

Defendant argues that the trial court erred by ordering her to register as a sex offender under the catchall provision of the SORA because her criminal activity did not, by its nature, constitute a sexual offense. Defendant contends that she did not admit to or make any statements regarding sexual assault or sexual activity, and there is no indication that there was a history of sexual abuse or sexual assault. Additionally, defendant argues that the trial court focused solely on the injuries to the victim's rectal area but did not look at the rest of the facts giving rise to the conviction. Because an admission by the defendant was not required, and the testimony from the preliminary examination established by a preponderance of the evidence that the violation, by its nature, constituted a sexual offense, we affirm defendant's conviction.[4]

"SORA requires an individual who is convicted of a listed offense after October 1, 1995, to register as a sex offender." *People v Golba*, 273 Mich App 603, 605; 729 NW2d 916 (2007); see also MCL 28.723(1)(a). A "listed offense" includes "a tier I, tier II, or tier III offense." MCL 28.722(k), as amended by 2011 PA 17. A tier I offense includes violations of specific statutes and, under a catchall provision, also includes "[a]ny other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, that by its nature constitutes a sexual offense against an individual who is a minor." MCL 28.722(s)(*vi*). The language of the catchall provision requires that three conditions be satisfied before "a person must register as a sex offender: (1) the defendant must have been convicted of a state-law violation or a municipal-ordinance violation, (2) the violation must, by its nature, constitute a sexual offense, and (3) the victim of the violation must be under 18 years of age." *Golba*, 273 Mich App at 607 (quotation marks and citation omitted). Only the second condition is at issue in this case.

The condition that the violation must, by its nature, constitute a sexual offense "is not to be determined solely by reference to the legal elements of the offense of which the defendant was convicted." *Anderson*, 284 Mich App at 14. Instead, "the particular facts of a violation are to be considered in determining whether the violation by its nature constitutes a sexual offense against an individual who is less than 18 years of age." *Id*. (quotation marks and citation omitted); see also MCL 769.1(13) (stating that if a court sentences a defendant under the catchall provision, "the court shall include the basis for that determination on the record and include the determination in the judgment of sentence"). When a sentencing court decides whether a defendant must register under SORA, the court may consider all record

---

[4] During defendant's sentencing, the trial court explained to defendant that if she pleaded no contest, she would have to "be registered on the sex registry." When asked if she understood, defendant responded, "Yes, sir." In addition, in defendant's written plea agreement, signed by defendant November 30, 2015, it states defendant will submit to "CSC registration requirements as applicable." Because defendant agreed to SORA registration "as applicable" and did not attempt to withdraw her plea, defendant arguably has waived the argument of whether SORA registration was proper. See *People v Ward*, 206 Mich App 38, 43-44; 520 NW2d 363 (1994) ("[A] defendant who pleads guilty and is sentenced in accordance with a plea bargain and sentencing agreement waives the right to challenge the sentence unless there is also an attempt to withdraw the plea for a sound legal reason."). But even if not waived, defendant's arguments are unconvincing.

-3-

evidence, including evidence presented during a preliminary examination, "as long as the defendant has the opportunity to challenge relevant factual assertions and any challenged facts are substantiated by a preponderance of the evidence." *Anderson*, 284 Mich App at 14-15 (quotation marks and citation omitted).

The evidence introduced during the preliminary examination supported the trial court's determination that although defendant pleaded *nolo contendere* to second-degree murder, the activity underlying the charge constituted a sexual offense. The court relied on the testimony of Dr. Cho, who performed the victim's autopsy and testified as an expert in forensic pathology. Dr. Cho testified that the victim had "lacerations about the perianal area as well as rectum internally," and these injuries were most likely caused by a foreign object because they were not linear tears. Furthermore, Dr. Cho stated that the nonlinear-type tears "indicated blunt force," and "[t]he hemorrhage internally also was . . . most probably blunt force or some pressure applied to the abdomen."

The trial court's conclusion is further supported by the preliminary examination testimony of paramedic Michael Galajda, Flint Police Department Officer Steven Howe and Sergeant Alfino Donastorg, and Ruterbusch. Galajda testified that he saw bleeding around the victim's rectum during the ambulance transport to the hospital. Officer Howe testified that after the victim was pronounced dead at the hospital, the officer went to the room where the victim was located and saw blood around the victim's rectum, which "was open the size of a large coin." Ruterbusch, who performed a sexual assault examination on the victim's body, testified that the victim's anal opening had no muscle tone, and it was open "about the size of a half a dollar." Ruterbusch described the victim's rectal area as "severely lacerated," "pocketed with blood," and "shredded," likening its appearance to meat ground "through a meat grinder." Furthermore, Sergeant Donastorg testified that when he questioned defendant, she told him that "nobody else was home at the time" of the incident.

The witness testimony from the preliminary examination established by a preponderance of the evidence that the violation, by its nature, constituted a sexual offense. The lack of an admission by defendant that she committed a sexual offense and the existence of other injuries to the victim's body do not alter the weight of the evidence that demonstrates a sexual offense occurred. See *Anderson*, 284 Mich App at 15 (holding that although "[t]he victim's mother testified that the victim had recanted on three occasions," "the evidence showed by a preponderance of the evidence that the aggravated assault, by its nature, constituted a sexual offense"). Therefore, the trial court did not err when it ordered defendant to register as a tier I sex offender under MCL 28.722(s)(*vi*).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Anica Letica