*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EN, Minor.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellant,

v

EN,

        Respondent-Appellee.

UNPUBLISHED
January 18, 2024

No. 363370
Berrien Circuit Court
Family Division
LC No. 2021-000239-DL

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

Petitioner appeals as of right the order of disposition in which the trial court determined respondent was exempt from registration under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case stems from a sexual encounter between the fifteen-year-old respondent and the fourteen-year-old victim. The victim's father reported the encounter to the police. Respondent was charged with, and later entered an admission of responsibility to, one count of third-degree criminal sexual conduct, MCL 750.520d.

Respondent then requested a hearing under MCL 28.723a to determine whether he was exempted from the registration requirement of SORA. Both parties offered evidence in support of their respective positions, and the trial court heard testimony from several witnesses. The trial

---

[1] Respondent challenges this Court's jurisdiction over this case. We reject the jurisdictional challenge because the appeal was properly and timely filed.

court ruled from the bench that respondent was not required to register under SORA. This appeal followed.

## II. REGISTRATION UNDER THE SORA

Petitioner argues that the trial court's factual determination underlying its order was clearly erroneous. In petitioner's view, the evidence showed that the victim did not consent to the sexual act. Therefore, respondent is required to register under SORA. We disagree.

### A. STANDARD OF REVIEW

"The construction and application of SORA, MCL 28.721 *et seq*., presents a question of law that is reviewed de novo on appeal." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009). However, we review the "underlying factual findings of the trial court" for clear error. *People v Golba*, 273 Mich App 603, 613; 729 NW2d 916 (2007). "Findings of fact by the trial court may not be set aside unless clearly erroneous." MCR 2.613(C). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993). In determining whether a finding of fact was clearly erroneous, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

### B. LAW AND ANALYSIS

SORA requires individuals convicted of a listed offense after October 1, 1995, to register as sex offenders. MCL 28.723(1)(a). A violation of MCL 750.520d is a Tier III listed offense under SORA. MCL 28.722(v)(*iv*). However, an individual convicted under MCL 750.520d is not required to register under SORA if the trial court "[1] determines that the victim consented to the conduct constituting the violation, [2] that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and [3] that the individual is not more than 4 years older than the victim." MCL 28.722(v)(*iv*). At issue in this case is the first prong, whether "the victim consented to the conduct constituting the violation." MCL 28.722(v)(*iv*).

Under MCL 28.723a(1),

> [i]f an individual . . . is adjudicated as a juvenile as being responsible for a listed offense but alleges that he or she is not required to register under this act because . . . section 2(v)(iv) applies, and the prosecuting attorney disputes that allegation, the [trial] court shall conduct a hearing on the matter before sentencing or disposition to determine whether the individual is required to register under [SORA].

At the hearing, the individual claiming an exception to registration under SORA has the burden to prove by a preponderance of the evidence that the exception enumerated in MCL 28.722(v)(*iv*) applies to their conduct. MCL 28.723a(2). " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (citation omitted).

The trial court's determination that the sexual encounter was consensual was not erroneous. The evidence presented at the hearing included testimony from two witnesses who were in the home the evening of the encounter between respondent and the victim. These witnesses testified that the victim told them that she wanted to have sexual intercourse with respondent. One witness stated that, during the encounter, she did not hear anything consistent with a struggle. She further testified that the victim came out of respondent's bedroom and appeared to be happy, upbeat, and not upset in the slightest. This testimony supports respondent's theory that the sexual encounter was consensual at the time it occurred.

Additionally, another witness testified about the victim's possible motive to later claim the encounter was nonconsensual. The witness recounted that, before the victim and respondent became romantically involved, respondent had dated one of the victim's friends. When this friend discovered that the victim and respondent had been together, she cut the victim off. However, their friendship was mended when the victim later claimed the encounter was nonconsensual. And, although this witness also testified that the victim disclosed to her that she had sexual intercourse with respondent, the victim never indicated that it was nonconsensual.

Petitioner's primary argument on appeal is that the trial court did not consider the evidence it claims shows that the sexual encounter was nonconsensual—specifically the victim's testimony at the designation hearing detailing her version of the sexual encounter, and the screenshot of a social media message exchange between the victim and respondent. But it is apparent from the record the trial court was presented with this evidence before the hearing. Further, it stated on the record that it considered these exhibits in determining respondent was not required to register under SORA. Moreover, the same judge presided over both hearings, so the trial court heard first-hand the victim's testimony. Thus, there is no merit to petitioner's argument that the trial court erred by failing to give due weight to the evidence offered in opposition of respondent's motion.

Petitioner also attempts to parallel the facts of the instant case with that of *In re Tiemann*, 297 Mich App 250; 823 NW2d 440 (2012), in which the trial court required a minor respondent to register under SORA. Petitioner's reliance on this case is misplaced because it is not analogous to the instant case. The respondent in *Tiemann* was charged with three counts of third-degree criminal sexual conduct and one count of fourth-degree criminal sexual conduct following a nonconsensual sexual encounter with a 14-year-old victim. *Id*. at 254-255. The respondent acknowledged that he understood that the victim wanted him to stop and, when asked if he should have stopped, he responded that he should have stopped "lots of times." *Id*. at 254. He also stated that he felt that he was being pushy and, eventually, the victim "just gave in." *Id*. The respondent was aware that this was wrong. *Id*.

In contrast, the only instance in the present case of respondent admitting that the sexual conduct with the victim was nonconsensual was in the message that he sent her via social media, which lacks context and, therefore, credibility. On appeal, the respondent in *Tiemann* was not arguing that the trial court's factual determination regarding the consensual nature of the sexual conduct between him and the victim was clearly erroneous. Therefore, the instant case is distinct from *Tiemann* both factually and procedurally.

Ultimately, in the present case, although the victim testified that the sexual encounter was nonconsensual, there was sufficient evidence in the record to allow the trial court to conclude

otherwise. Because this case presented two different versions of events, the trial court had to make a credibility determination regarding the consensual nature of the sexual conduct. As the factfinder in this case, the trial court was in the best position to judge and weigh the credibility of all testimony to determine which story was more likely to be truthful. See *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016) ("[T]he reviewing court will not interfere with the fact-finder's role of deciding the credibility of the witnesses."). There was no clear answer as to which story was the most accurate account of the encounter. Therefore, we are not left with a definite and firm conviction that a mistake was made when the trial court concluded that respondent met his burden of proving by a preponderance of the evidence that the sexual encounter was consensual. Accordingly, the trial court's factual determination was not clearly erroneous.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron