PEOPLE v ANDERSON

Docket No. 276639. Submitted May 6, 2009, at Detroit. Decided May 19, 2009, at 9:05 a.m.

Jeffry G. Anderson pleaded guilty of aggravated assault in the Oakland Circuit Court, Steven N. Andrews, J., and was sentenced to a jail term of 183 days and probation for two years. The defendant appealed by delayed leave granted, challenging the sentence requirements that he register as a sexual offender and that he have no contact with children younger than 16 years of age.

The Court of Appeals *held*:

1. The trial court did not err in ordering the defendant to register as a sex offender pursuant to the Sex Offenders Registration Act (SORA), MCL 28.271 *et seq*. MCL 28.723(1)(a) requires registration for certain offenses listed by SORA. Aggravated assault is not a listed offense under SORA. However, the catchall provision of SORA, MCL 28.722 (e)(*xi*), requires registration for any other violation of state law or a local municipal ordinance that by its nature constitutes a sexual offense against an individual who is less than 18 years of age. A sentencing court may consider all record evidence when determining if a defendant must register under SORA, as long as the defendant has the opportunity to challenge relevant factual assertions and any challenged facts are substantiated by a preponderance of the evidence. In this case, the seven-year-old victim's testimony at the defendant's preliminary examination established that the aggravated assault, which consisted of touching the victim underneath her underwear, was of a sexual nature.

2. The trial court did not improperly rely on the results of the defendant's polygraph examination when determining the facts underlying the defendant's conviction. The trial court relied on the defendant's admission and on the record in deciding whether the aggravated assault was sexual in nature.

3. The defendant's discharge from parole rendered moot the issue whether the trial court properly imposed as a condition of probation the requirement that the defendant have no contact with children under 16 years of age.

Affirmed.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Hertz Schram, P.C.* (by *Gary P. Supanich*), for the defendant.

Before: WILDER, P.J., and METER and FORT HOOD, JJ.

METER, J. Defendant appeals by delayed leave granted his plea-based conviction of aggravated assault, MCL 750.81a. Defendant was sentenced to 183 days in jail and two years' probation. On appeal, he challenges only the provisions of the judgment of sentence requiring him to register as a sex offender and to have no contact with minor children under the age of 16. We affirm.

As an introductory matter, defendant argues that the relevant published caselaw regarding whether he should have been ordered to register as a sex offender is not binding. Specifically, he contends that this Court is not bound by *People v Meyers*, 250 Mich App 637, 649; 649 NW2d 123 (2002), which held that a trial court should consider the facts of the particular offense of which a defendant is convicted in determining if the offense constitutes a sexual offense under the Sex Offenders Registration Act (SORA) catchall provision, MCL 28.722(e)(*xi*). Defendant contends that this is because the Michigan Supreme Court, in *People v Althoff*, 477 Mich 961; 724 NW2d 283 (2006) *(Althoff I)*, declared that holding to be dictum. Further, defendant argues that *People v Golba*, 273 Mich App 603; 729 NW2d 916 (2007), and *People v Althoff (On Remand)*, 280 Mich App 524; 760 NW2d 764 (2008) *(Althoff II)*, are not binding because the panel in *Golba, supra* at

610, erroneously stated that it was bound by the *Meyers* decision, and the panel in *Althoff II, supra* at 534, in turn stated that it was bound by the erroneous *Golba* decision. We disagree.

Although the Michigan Supreme Court declared that the relevant *Meyers* holding was dictum, defendant's argument that *Golba* and *Althoff II* are not binding is misguided. The panel in *Golba* did state that it was bound by *Meyers*. *Golba, supra* at 610. However, critically, in its own independent analysis, the panel in *Golba* concluded that it agreed with the holding in *Meyers*. *Id.* at 611. The *Althoff II* panel noted that the *Meyers* holding had been deemed dictum and that *Golba* had erroneously concluded that it was bound to follow the *Meyers* holding. *Althoff II, supra* at 534. However, the *Althoff II* panel still concluded that it was bound by the *Golba* panel's statutory interpretation. *Id.* Therefore, pursuant to MCR 7.215(J)(1), the holdings in the published decisions of *Golba* and *Althoff II* bind us.

Defendant argues that even if the underlying factual circumstances are considered, there is no record support for concluding that his aggravated assault, by its nature, constituted a sexual offense. We disagree.

The construction and application of SORA, MCL 28.721 *et seq.*, presents a question of law that is reviewed de novo on appeal. *Golba, supra* at 605. Additionally, this Court reviews the "underlying factual findings of the trial court at sentencing for clear error." *Id.* at 613. "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

SORA "requires an individual who is convicted of a listed offense after October 1, 1995, to register as a sex offender. MCL 28.723(1)(a)." *Golba, supra* at 605. The

term "convicted" is defined in MCL 28.722(a)(*i*) as "[h]aving a judgment of conviction or a probation order entered in any court having jurisdiction over criminal offenses[.]" The term "listed offense" is defined by MCL 28.722(e) to include violations of specific statutes, but aggravated assault is not a listed offense. However, the act also includes a "catchall" provision that requires registration for "[a]ny other violation of a law of this state or a local ordinance of a municipality that by its nature constitutes a sexual offense against an individual who is less than 18 years of age." MCL 28.722(e)(*xi*).

The catchall provision requires the simultaneous existence of three conditions: "(1) the defendant must have been convicted of a state-law violation or a municipal-ordinance violation, (2) the violation must, by its nature, constitute a sexual offense, and (3) the victim of the violation must be under 18 years of age." *Althoff II, supra* at 532 (citations and quotation marks omitted). The second condition is not to be determined solely by reference to the legal elements of the offense of which the defendant was convicted. *Id.* at 532-534. Rather, "the particular facts of a violation are to be considered in determining whether the violation 'by its nature constitutes a sexual offense against an individual who is less than 18 years of age' under MCL 28.722(e)(*xi*)." *Althoff II, supra* at 534.

In this case, defendant pleaded guilty of aggravated assault, which is not a listed offense, but is a state law violation under MCL 750.81a. Also, it is undisputed that the victim was less than 18 years old at the time of the assault. Therefore, the remaining question is whether the assault, by its nature, constituted a sexual offense.

When applying SORA, "a sentencing court may consider all record evidence in determining if a defendant must register under SORA, as long as the defendant has

the opportunity to challenge relevant factual assertions and any challenged facts are substantiated by a preponderance of the evidence." *Althoff II, supra* at 541-542. Defendant argues that the record for the underlying facts must be developed through the trial process or through admissions under the minimum standards of due process. However, judicial fact-finding outside of the avenues of trial or admissions does not violate due process because SORA is a remedial regulatory scheme that furthers a legitimate state interest of public safety, and compliance with the statute is not a punishment. *Id.* at 540.

The factual basis for defendant's plea was that he touched the victim and it caused harm to her. According to defendant, the touching took place from the summer of 2003 to November 2005. The testimony of the seven-year-old victim at the preliminary examination, which is part of the record evidence, indicated that defendant had touched her underneath her underwear on at least nine occasions. These incidents took place in either her mother's bedroom at night or in defendant's car when he drove the victim to school. Defendant was able to challenge this testimony through cross-examination at the preliminary examination. The victim's mother testified that the victim had recanted on three occasions. Despite the mother's testimony, the evidence showed by a preponderance of the evidence that the aggravated assault, by its nature, constituted a sexual offense. Defendant admitted to touching the victim in a harmful way over a period of approximately a year and a half and the victim's description of the touching, which was the only basis for establishing how the touching occurred, indicated it was of a sexual nature. Therefore, the trial court did not err by ordering defendant to register as a sex offender.

Defendant also argues that the trial court erred by relying on his polygraph examination as a part of its rationale for ordering him to register as a sex offender. First, this issue was not properly presented for appeal because it was not raised in the statement of questions presented in defendant's appellate brief. MCR 7.212(C)(5); *City of Lansing v Hartsuff*, 213 Mich App 338, 351; 539 NW2d 781 (1995).

At any rate, we find no merit to defendant's argument.[1] It is true that, generally, a court may neither solicit nor consider polygraph-examination results for sentencing, *People v Towns*, 69 Mich App 475, 478; 245 NW2d 97 (1976), and the consideration of polygraph-examination results is generally considered error that requires resentencing, *People v Allen*, 49 Mich App 148, 151-152; 211 NW2d 533 (1973). However, significantly, defendant does not request a full resentencing. He only argues that he should not have been required to register as a sex offender on the basis of information relating to the polygraph examination. As noted above, SORA is merely a remedial regulatory scheme and compliance with the statute is not a punishment. *Althoff II, supra* at 540. Moreover, the record does not suggest that the trial court relied on the polygraph-examination results in making its finding about the underlying facts of defendant's conviction. Defendant admitted committing aggravated assault and the trial court relied on the remainder of the record to determine that the underly-

---

[1] We note that there is no indication from the record that the trial court relied on defendant's polygraph examination in deciding whether to order defendant to register as a sex offender. Although the trial court made the unorthodox offer for defendant to take a polygraph examination and indicated that if the results were favorable, they would be considered for sentencing, the results were not a part of the presentence investigation report and defense counsel only mentioned to the trial court that the results were "unfavorable."

ing circumstances of the assault were inherently sexual. Appellate relief is unwarranted.

Finally, while not making any argument in the body of his appellate brief regarding the probation provision involving the prohibition of contact with children less than 16 years of age, defendant includes a request for relief from that part of his probation. However, defendant was discharged from his probation on September 19, 2008. Therefore, because defendant is no longer subject to the challenged condition of his probation, this issue is moot. *Detroit v Ambassador Bridge Co*, 481 Mich 29, 50; 748 NW2d 221 (2008). Accordingly, we decline to address it.

Affirmed.