NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0357n.06

No. 11-1069

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 04, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MICHAEL MILESKI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| COL. EDDIE WASHINGTON, in his capacity as | ) | |
| Director of the Michigan State Police, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: MARTIN, SUTTON, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Michael Mileski seeks his removal from Michigan's sex offender registry. He argues that the catch-all provision of the Sex Offender Registration Act, Mich. Comp. Laws § 28.722(e)(xi), is facially unconstitutional. The district court granted summary judgment in favor of the defendant, Colonel Washington. We affirm.

I.

During a stormy August night in 2002, Battle Creek police officers approached a naked 17-year-old girl who was running down a residential street. She told them that Mileski, wielding a knife, had chased her out of his house. Mileski, who was 30 at the time, had picked up the girl that night. They shared a half-pint of vodka and engaged in vaginal and anal sex. When Mileski found

out about her age, they began to argue. Eventually he threatened her with a knife and threw her out of his house.

Mileski was convicted of criminal sexual conduct in Michigan state court, but his conviction was reversed because of an evidentiary error. On remand, Mileski pleaded no contest to the charge of assault with intent to do great bodily harm. *See* Mich. Comp. Laws § 750.84. Mileski stipulated that his plea was based in part on facts set forth in the police complaint, in which the girl stated that he had threatened her with a knife during sex. The presentence report recommended that Mileski register as a sex offender. Over Mileski's objection, the state trial court determined that his offense fell within the catch-all provision of the Michigan Sex Offender Registration Act, which required him to register as a sex offender for 25 years. *See* Mich. Comp. Laws § 28.722(e)(xi). (The Act has since been amended, and the current catch-all provision is § 28.722(s)(vi).) The Michigan Court of Appeals affirmed Mileski's sentence.

Mileski then brought this action in federal court under 42 U.S.C. § 1983. He seeks a declaratory judgment that the catch-all provision is facially unconstitutional, arguing that it violates his substantive and procedural due process rights and denies him equal protection of the law. Mileski also seeks injunctive relief, asking the court to order Mileski's name removed from the registry. The district court granted summary judgment to the defendant. This appeal followed.

## II.

"We review de novo the district court's grant of summary judgment." *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 431 (6th Cir. 2008).

Mileski argues that the catch-all provision, on its face, violates his right to procedural due process. In support, he contends that the statute provides no guidance as to who determines whether an offense fits within the provision. And he says that the statute fails to state whether a court should hold a hearing before requiring an offender to register.

The statute requires that a defendant register as a sex offender for "[a]ny other violation of a law of this state . . . that by its nature constitutes a sexual offense against an individual who is less than 18 years of age." Mich. Comp. Laws § 28.722(e)(xi). The sentencing court determines if the crime fits within the catch-all provision and "shall include the basis for that determination on the record." Mich. Comp. Laws § 769.1(13). Courts should consider the particular facts of a violation when determining whether it fits within the provision. *See People v. Anderson*, 772 N.W.2d 792, 795 (Mich. Ct. App. 2009)

Here, Mileski's presentence report, which he received before his sentencing, recommended his placement on the registry. And a state court heard his argument against registration. The court considered the specific facts of Mileski's offense—that he had sex with a 17-year-old girl and threatened her with a knife—and found that the offense "by its nature" constituted a sexual offense against a minor. The court stated the basis for its determination on the record, and the Michigan Court of Appeals affirmed the lower court's decision. Mileski received all the process he was due.

Mileski next argues that he has a substantive due process right not to register when he was convicted of an offense that lacks a sexual element on its face. But we have already rejected this argument. *See Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 500 (6th Cir. 2007).

Mileski also argues that the statute is void for vagueness, since it lacks standards as to what "by its nature" constitutes a sexual offense against a minor. But the statute applies to his own conduct clearly enough, so his vagueness challenge fails. *See Parker v. Levy*, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness").

Finally, Mileski argues that, by treating him differently than other people convicted of assault with intent to do great bodily harm, the statute denies him equal protection of the laws. That claim too is meritless, since the statute's application to sex offenders plainly is not irrational. *See Cutshall v. Sundquist*, 193 F.3d 466, 482-83 (6th Cir. 1999).

The district court's judgment is affirmed.