# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANTHONY LAMAR LYLE, JR.,

      Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 325660
Saginaw Circuit Court
LC No. 12-037772-FH

---

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

In this probation revocation appeal, defendant appeals by delayed leave granted[1] his sentence of five to 15 years in prison, imposed by the circuit court after defendant pleaded guilty to violating the conditions of his probation. In light of this Court's decision in *People v Steanhouse*, __ Mich App __; __ NW2d __ (2015) (Docket No. 318329), we remand for *Crosby*[2] proceedings consistent with this opinion.

In December of 2012, defendant pleaded guilty to failing to comply with the Sex Offender Registration Act (SORA), MCL 28.721 *et seq*. As a result, in January of 2013, defendant was sentenced, as an habitual offender, fourth offense, MCL 769.12, to 365 days in jail, to be served by electronic monitoring, and five years' probation. Defendant soon violated his probation and, in March of 2013, the trial court found defendant guilty of five counts of violating the conditions of his probation. The trial court sentenced defendant to one year in jail, defendant was ordered to participate in the Tri-Cap program, and defendant's probation continued. Approximately one year later, defendant again violated the conditions of his probation, and in July of 2014, defendant pleaded guilty to six additional counts of violating his probation. As a result, the trial court sentenced defendant to five to 15 years in prison. Recognizing that this sentence constituted an upward departure from the applicable minimum

---

[1] *People v Lyle*, unpublished order of the Court of Appeals, entered February 23, 2015 (Docket No. 325660).

[2] *United States v Crosby*, 397 F3d 103 (CA 2 2005).

-1-

sentencing range under the legislative guidelines,[3] the trial court justified the departure as follows:

> Well, the guidelines are 12 to 48. I'm going to go over the guidelines because of the numerous violations he's had while on probation and the -- 445 days he's served doesn't leave me much time left to sentence him with. And apparently, he didn't learn from any of his three previous jail sentences to quit violating probation.

Defendant now appeals by leave granted to challenge the trial court's upward departure from the recommended minimum sentencing range under the legislative guidelines.

In particular, on appeal, defendant first argues that the trial court failed to articulate substantial and compelling reasons for the sentencing departure as required by MCL 769.34(3). This argument is clearly without merit in light of the Michigan Supreme Court's recent decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). In *Lockridge*, the Court held that Michigan's sentencing guidelines violate the constitutional right to a jury trial insofar as the guidelines require judicial fact-finding at sentencing which then mandatorily increases the minimum sentencing range under the guidelines. *Id.* at 364. To remedy this defect, the Court declared the legislative sentencing guidelines "advisory only" and, in doing so, the Court specifically struck down the "substantial and compelling" requirement found in MCL 769.34(3). *Lockridge*, 498 Mich at 391-392. Accordingly, following *Lockridge*, a trial court need not articulate substantial and compelling reasons to support an upward departure from the recommended range under the sentencing guidelines. *Steanhouse*, slip op at 21 n 14. Instead, "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. Consequently, defendant's argument is without merit and we need not consider whether the trial court articulated substantial and compelling reasons for the departure sentence imposed. See *id.*; *Steanhouse*, slip op at 21 n 14.

Next, defendant argues that his sentence was disproportionate to the offender and the offense at issue. In support of this argument, after the decision in *Lockridge*, defendant filed supplemental authority in this Court under MCR 7.212(F) to argue that his departure sentence was unreasonable under *Lockridge*. *Lockridge* did not provide a specific test for assessing the "reasonableness" of a sentence imposed, but the term was analyzed by this Court in *Steanhouse*, wherein this Court concluded that *Lockridge*'s reasonableness standard marked a return to the proportionality principles set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), which were in place before the enactment of the legislative sentencing guidelines. This standard requires application of a "'principle of proportionality' test in order to determine whether a trial court abuses its discretion in imposing a sentence." *Steanhouse*, slip op at 23, citing *Milbourn*, 435 Mich at 634–636. Stated simply, trial courts are required to impose a

---

[3] Under the legislative sentencing guidelines, as a fourth habitual offender, defendant's minimum sentence range, based on a prior record variables score of 125 and an offense variables score of ten, was one to four years' imprisonment. See MCL 777.67; MCL 777.21(3)(c); MCL 769.34(4)(c).

sentence that takes into account the nature of the offense as well as the background of the offender. *Id*. (citations omitted). Courts may consider a variety of factors at sentencing, including (1) the seriousness of the offense; (2) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation, and (3) factors that were inadequately considered by the guidelines in a particular case. *Id.* at 24 (citations omitted).

In this case, the trial court sentenced defendant before *Lockridge* and *Steanhouse* were decided, meaning that, consistent with the law at the time of sentencing, the trial court focused on the articulation of substantial and compelling reasons for departure under MCL 769.34(3) rather than considering the reasonableness of the sentence imposed as described in *Steanhouse*. In circumstances such as these, the *Steanhouse* Court held that a *Crosby* remand is the appropriate remedy. *Steanhouse,* slip op at 25. A *Crosby* remand is the procedure adopted by *Lockridge* for determining whether a defendant, who was not subject to a departure sentence, was prejudiced by judicial fact-finding that mandatorily increased the minimum sentencing range under the guidelines. *Lockridge*, 498 Mich at 398; *People v Stokes*, __ Mich App __, __; __ NW2d __ (2015) (Docket No. 321303), slip op at 11. In *Steanhouse*, this Court extended this remedy to upward departure situations, such as the present case, where the sentencing court "was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing." *Steanhouse*, slip op at 25. Thus, under *Steanhouse*, defendant is entitled to a *Crosby* remand to determine whether the trial court would have imposed a materially different sentence under the new sentencing regime. See *id.* The specific procedures to be followed on remand were summarized in *Lockridge* as follows:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present . . . if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Lockridge*, 498 Mich at 398 (internal quotation marks and citation omitted).]

In sum, because defendant challenges the reasonableness of his departure sentence, a *Crosby* remand is required under *Steanhouse*.[4]

---

[4] Without supporting authority or meaningful argument, defendant offers the cursory assertion on appeal that he should appear before a different judge on remand. Because this issue is insufficiently briefed and does not appear in defendant's statement of the question presented, we need not consider it. *People v Van Tubbergen*, 249 Mich App 354, 365; 642 NW2d 368 (2002)

Remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro

---

("Issues insufficiently briefed are deemed abandoned on appeal."); *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009) ("[T]his issue was not properly presented for appeal because it was not raised in the statement of questions presented in defendant's appellate brief.").  In any event, we see no indication of judicial bias that would warrant remand to a different judge.  See generally *People v Hegwood*, 465 Mich 432, 440 n 17; 636 NW2d 127 (2001); *People v Jackson*, 292 Mich App 583, 597-598; 808 NW2d 541 (2011).