# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN WESLEY MORRIS,

        Defendant-Appellant.

UNPUBLISHED
June 20, 2017

No. 330931
Wayne Circuit Court
LC No. 15-005179-01-FH

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, and brandishing a firearm in public, MCL 750.234e. The trial court sentenced defendant to five years' probation for the felonious assault and brandishing a firearm convictions. We affirm.

Defendant argues that reversal of his convictions is warranted where the trial court improperly admitted other acts evidence of defendant's prior interactions with the victim. We disagree.

This Court reviews a trial court's evidentiary ruling for an abuse of discretion. *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015). "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *Id*. (citation omitted.) This Court reviews these questions of law de novo. *Id*. A preserved, nonconstitutional error will not constitute grounds for reversal unless it appears more probable than not that the error was outcome determinative, meaning it undermined the verdict's reliability. *Id*.

During the course of this bench trial, the prosecution presented evidence regarding defendant's other hostile interactions with the victim. The victim testified that defendant admitted during a conversation that he did not like the victim when they first met, and defendant was going to bring a shotgun over to the victim's house, but defendant's mother stopped him. The victim responded by having his wife ask defendant to leave, so he could avoid a confrontation. The victim recounted another incident where defendant and his family were driving across the victim's front lawn, and when the victim went to speak with defendant and his father about it, defendant "became belligerent." The conversation almost got physical, but defendant's father stepped in.

-1-

Defense counsel objected at the outset of this testimony, arguing that (1) this evidence was not relevant, and (2) defendant received no notice of other acts evidence. The trial court overruled the objection, stating that the prior acts gave context to the dispute between the victim and defendant.

MRE 404(b) provides, in pertinent part, as follows:

**Other crimes, wrongs, or acts.**

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. [*Jackson*, 498 Mich at 258, quoting MRE 404(b).]

Under MRE 404(b), evidence is not admissible "if its only relevance is to show the defendant's character or propensity to commit the charged offense." *Jackson*, 498 Mich at 259 (quotation marks and citation omitted). The purpose of the rule is to exclude evidence where a jury would be likely to find guilt on the basis of defendant's bad character rather than his guilt beyond a reasonable doubt of the charged offense. *Id*. at 258-259. However, MRE 404(b) is an inclusionary rule, and allows for the admission of evidence that might "also give rise to an inference about the defendant's character[,]" if the prosecution can establish that the evidence is relevant and not for the sole purpose of establishing defendant's "propensity to act in conformance with his character." *Id*. at 259 (citations omitted). As the Michigan Supreme Court observed in *Jackson*:

[e]vidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character. Evidence is *inadmissible* under this rule *only* if it is relevant solely to the defendant's character or criminal propensity [ . . . .] Any undue prejudice that arises because the evidence also unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test, which permits the court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. . . . MRE 403. [*Id*. at 259-260 (quotation marks and citations omitted).]

Here, the victim's testimony regarding prior incidents with defendant was not solely evidence of defendant's character. Instead, it was offered for the nonpropensity purpose of showing the ongoing nature of the argument between the victim and defendant. For example, the trial court allowed the evidence on the basis that it provided context to the dispute between the

victim and defendant. Thus, while the victim's testimony regarding prior incidents may have supported defendant's propensity for acting belligerent and threatening the victim when confronted by the victim about staying off of the victim's property, it also explained the hostile nature of their relationship and the background behind defendant's comments and agitation. Accordingly, the victim's testimony was offered for a relevant and proper purpose, and its probative value was not substantially outweighed by the danger of unfair prejudice. *Jackson*, 498 Mich at 259. Further, this Court presumes that a trial court conducting a bench trial is familiar with the rules of evidence and will not draw any improper inferences from the evidence. *People v Hawkins*, 245 Mich App 439, 452; 628 NW2d 105 (2001).

Defendant also claims that the trial court erred in admitting the challenged evidence where the prosecution did not provide notice in compliance with MRE 404(b). Even if we were to accept defendant's claim, any error does not warrant reversal where there is nothing to suggest how notice from the prosecution would have altered defendant's trial strategy. See *Jackson*, 498 Mich at 278-279 (in support of its determination that the trial court's error in admitting other acts evidence without notice was not outcome determinative, the Michigan Supreme Court noted that the defendant "has not demonstrated how he would have approached trial or presented his defense differently had he known in advance" that a witness would be allowed to testify regarding other acts); *Hawkins*, 245 Mich App at 455-456 (concluding, in the context of a plain error analysis, that lack of notice did not warrant reversal where the defendant did not establish that he would have "reacted differently" to the challenged evidence with notice or that "lack of notice had any effect whatsoever[ ]" on the defendant's trial). Further, the victim's detailed testimony, which was corroborated by videotape evidence of the encounter between defendant and the victim, provided ample evidence of defendant's guilt, even apart from the other acts evidence. Thus, we conclude that any error was harmless and did not undermine the reliability of the trial court's verdict. *Jackson*, 498 Mich at 280.

Defendant also makes a conclusory argument that the prosecution "did not establish beyond a reasonable doubt that [defendant] committed this offense." It is clear from a review of defendant's brief on appeal that defendant is referring only to his conviction of felonious assault. "First, this issue was not properly presented for appeal because it was not raised in the statement of questions presented in defendant's appellate brief." *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009) (citations omitted). Second, defendant does not provide factual support for this conclusory statement. Specifically, defendant does not elaborate or provide any citation to the record regarding why there was insufficient evidence to support his conviction, other than to argue that other acts evidence was admitted in error. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Schumacher*, 276 Mich App 165, 178; 740 NW2d 534 (2007) (quotation marks and citations omitted). Thus, defendant has abandoned this issue. In any event, our review of the record, viewed in the light most favorable to the prosecution, reveals that the victim's testimony that defendant pointed a shotgun at him and his house, while defendant yelled that he was going to kill the victim, provided more than ample evidence to support defendant's guilt beyond a reasonable doubt of felonious assault. *People v Bosca*, 310 Mich App 1, 16; 871 NW2d 307 (2015); *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). This testimony was corroborated by the videotape evidence of the incident.

Defendant next argues that the trial court erred in ruling on defendant's motion for directed verdict without watching the entire videotape recording of this incident. We disagree.

"In order to properly preserve an issue for appeal, a defendant must 'raise objections at a time when the trial court has an opportunity to correct the error[.]'" *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006), quoting *People v Grant*, 445 Mich 535, 551; 520 NW2d 123 (1994) (footnote omitted). At trial, defense counsel initially requested that the trial court watch all three segments of the videotape recording from the victim's security cameras before making "a decision."[1] The entire videotape was entered into evidence, and the trial court agreed to review the entire videotape "before mak[ing] any rulings or findings of fact." However, after the prosecution rested, but before the trial court reviewed the entire videotape, the trial court inquired of defense counsel if he planned to make a motion for directed verdict for the record. Defense counsel made his motion, notably without objecting or requesting that the court first watch the entire videotape before ruling on the motion for directed verdict. Thus, this issue is unpreserved for appellate review. *Pipes*, 475 Mich at 277.

Challenges which are not properly preserved can be reviewed for plain error affecting the defendant's substantial rights. See e.g., *People v Clark*, 315 Mich App 219, 224; 888 NW2d 309 (2016) (applying the plain error standard where the defendant's claim of error was not preserved). To meet this standard, defendant must show that a plain error occurred that affected defendant's substantial rights, meaning "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (citation omitted).

First, defendant only makes a conclusory argument that the trial court was "compelled to watch the entire videotape before ruling on the directed verdict." Defendant provides no authority for his position, merely citing to MCR 6.419, the court rule governing motions for directed verdict. Again, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *Schumacher*, 276 Mich App at 178 (quotation marks and citation omitted). Thus, defendant has abandoned his claim on appeal. *Id*. Second, the portion of the videotape that the trial court referenced in its ruling on defendant's motion for directed verdict supported defendant's position that he was not pointing the gun at the victim's house, yet the trial court, viewing the victim's testimony in a light most favorable to the prosecution, still denied defendant's motion. The trial court explained that the record evidence supported a finding that defendant "armed himself with a weapon, came out of his home, and coupled that with alleged threats," and that this was sufficient evidence of felonious assault even if defendant never pointed the gun at the victim. The trial court also noted that the victim's testimony indeed confirmed that defendant pointed a gun at the victim. Third, even if the trial court had watched the videotape in its entirety before deciding the motion for directed verdict, which it did before ultimately finding defendant guilty, such action would have only undermined defendant's legal position when arguing the motion for directed verdict. When the trial court

---

[1] It appears from our review of the record that defense counsel was referring to a decision by the trial court with regard to defendant's guilt or innocence of the charged offenses.

rendered its verdict, it noted that the videotape clearly showed defendant come out of his house with a shotgun, "walking aggressively[,] yelling and screaming in the direction of the victim's home and pointing the gun at the victim's home," and "stalking around with the weapon" for six minutes. The trial court also found "that the video is one hundred percent corroborative of the testimony of the complaining witness." Thus, we are not persuaded that viewing the videotape in its entirety would have changed the trial court's ruling on defendant's motion for a directed verdict. Therefore, we are not persuaded that plain error affecting defendant's substantial rights occurred.

Affirmed.


/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause