*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CRYSTAL L. SHELTON-RANDOLPH,

Defendant-Appellant.

UNPUBLISHED
February 16, 2023

No. 360679
Genesee Circuit Court
LC N    14-035996-FC

Before: GLEICHER, C.J., and K. F. KELLY and LETICA, JJ.

GLEICHER, J. (*concurring*)

I join the majority's holding because this Court's opinion in *People v Anderson*, 284 Mich App 11; 772 NW2d 792 (2009), compels me to do so. Like *Anderson*, this case exemplifies that horrific facts make bad law.

The question presented is whether defendant Crystal L. Shelton-Randolph must register as a tier I sex offender when she is released from prison. The answer depends on whether her offense of conviction—second-degree murder, MCL 750.317—is an offense mandating registration under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. The majority concludes that SORA's "catchall provision," MCL 28.722(s)(*vi*), captures second-degree murder because in addition to murdering her child by inflicting "blunt force injuries," Shelton-Randolph sexually assaulted him. I agree that *Anderson* supports that conclusion. But I suggest that *Anderson*'s construction of the SORA deviates considerably from the reasonable meaning of the statutory text.

A tier I offender under the SORA is defined as "an individual convicted of a tier I offense who is not a tier II or tier III offender." MCL 28.722(q). This definition requires that an individual be "convicted" of an offense falling within tier I. MCL 28.722(r) lists seven offenses that fall within tier I. Almost all involve crimes that are obviously and indisputably sexual in nature, such as criminal sexual conduct, indecent exposure, and solicitation of prostitution.[1] At issue here is

---

[1] The exception is MCL 28.722(r)(*iii*), which provides for SORA registration of offenders convicted of unlawful imprisonment if the victim is a minor.

the "catchall provision" for tier I offenses, MCL 28.722r(*vii*), which states that a tier I offense also includes "[a]ny other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, *that by its nature constitutes a sexual offense against an individual who is a minor.*" (Emphasis added.) The majority and *Anderson* hold that an individual falls within this catchall provision based on conduct for which she was never "convicted." I read the statute differently. In my view, the plain language of MCL 28.722(q) and (r)(*vii*) includes as an essential element a *conviction* of an offense that by the *offense*'s nature "constitutes a sexual offense against an individual who is a minor."

Shelton-Randolph was not convicted of an obviously or inherently sexual offense. Rather, she pleaded nolo contendere to second-degree murder, MCL 750.317. The prosecutor originally charged her with felony murder, MCL 750.316(1)(b), first-degree criminal sexual conduct, MCL 750.520b(1)(a), and first-degree child abuse, MCL 750.136b(2). But to obtain a plea, the prosecution dismissed the first-degree criminal sexual conduct charge that would have mandated registration. Shelton-Randolph pleaded guilty only to second-degree murder. She can be compelled to register under SORA, however, only if she was convicted of an offense "that by its nature constitutes a sexual offense against an individual who is a minor." MCL 28.722(r)(*vii*). Second-degree murder is not such an offense.

My analysis flows from the text and structure of MCL 28.722(q) and MCL 28.722(r)(*vii*), which together establish the prerequisites for registration as a tier I offender. In evaluating whether registration under SORA is required, MCL 28.722(q) compels us to focus on the offense(s) of conviction rather than the facts surrounding the conviction. The statute instructs that a tier I offender is "an individual *convicted* of a tier I *offense* who is not a tier II or tier III offender." (Emphasis added.) By its terms, the statute is offense-centric rather than fact-centric. As the United States Supreme Court explained when evaluating a similarly structured statute, "This language requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Leocal v Ashcroft*, 543 US 1, 7; 125 S Ct 377; 160 L Ed 2d 271 (2004).

I concede that this perspective contradicts *Anderson*, which holds that whether a violation constitutes a sexual offense "is *not* to be determined solely by reference to the legal elements of the offense of which the defendant was convicted." *Anderson*, 284 Mich App at 14 (emphasis added). Rather, *Anderson* holds that "the particular facts of a violation are to be considered in determining whether the violation by its nature constitutes a sexual offense against an individual who is less than 18 years of age." *Id*. (quotation marks and citation omitted). When an offense of conviction is not inherently sexual, *Anderson* instructs, a sentencing judge must discern whether what occurred during the commission of the crime included an uncharged sexual offense.

I suspect that the majority would concede that "by its nature," the crime of second-degree murder, and even the second-degree murder of a minor, does not "constitute a sexual offense against an individual who is a minor." After all, "by its nature" second-degree murder is universally understood to be an unlawful killing committed with malice, without justification or excuse, and without premeditation. See *People v Goecke*, 457 Mich 442, 464; 579 NW2d 868 (1998). There is nothing inherently sexual in this definition. The majority's conclusion that Shelton-Randolph's conviction for second-degree murder qualifies her for SORA registration rests on the fact that during the commission of the second-degree murder of her child, Shelton-Randolph

sexually assaulted him. Unspeakably terrible as that sex crime was, Shelton-Randolph was not convicted of it. Although the prosecution originally charged Shelton-Randolph with first-degree criminal sexual conduct, it dismissed that charge in exchange for her plea to second-degree murder. Because the crime of conviction was nonsexual in nature, absent *Anderson*, I would hold that registration is not required.

My approach coincides with that of federal courts interpreting statutory "residual clauses" closely resembling the SORA's "catchall provision." *Sessions v Dimaya*, __ US __; 138 S Ct 1204, 1211; 200 L Ed 2d 549 (2018), for example, involved the interpretation of the term "crime of violence" in 18 USC §16(b). Like MCL 28.722(r)(*vii*) and the statute construed in *Leocal*, 18 USC § 16 contains a clause using the term "by its nature":

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, *by its nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. [Emphasis added.]

The Supreme Court referred to these two parts of the statute as "the elements clause" and "the residual clause." *Sessions*, 138 S Ct at 1211. Citing *Leocal*, the Court reiterated that "[t]he question . . . is not whether 'the particular facts' underlying a conviction posed the substantial risk that § 16(b) [the residual clause] demands." *Id*. Neither is the question solely element-specific, the Court explained. Rather, "[t]he § 16(b) inquiry . . . turns on the 'nature of the offense' generally speaking. More precisely, § 16(b) requires a court to ask whether 'the ordinary case' of an offense poses the requisite risk." *Id*. (citations omitted).

If I were writing on a clean slate, I would apply the interpretive approach used in *Sessions* because it is true to the ordinary meaning of the term "by its nature," and the context and structure of MCL 28.722(r)(*vii*).

"[G]enerally speaking," second-degree murder is not a sexual offense. "[T]he ordinary case" of second-degree murder does not include an interwoven sexual offense. Second-degree murder is a crime that can be committed against a minor, and it can involve sexual components, as this case grotesquely illustrates. But in defining the offenses of *conviction* for which registration under SORA is required, the Legislature used the phrase "by its nature constitutes a sexual offense against an individual who is less than 18 years of age" as a *limiting* clause. Reasonably constructed, the clause means that registration as a tier I offender is required only if the defendant is convicted of a crime that is naturally or inherently sexual, even if the crime is not specifically identified as a tier I offense. But I acknowledge that *Anderson* holds otherwise, and therefore join the majority in affirming Shelton-Randolph's sentence.

/s/ Elizabeth L. Gleicher