*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 19, 2024

Plaintiff-Appellee,

v

No. 366990
Wayne Circuit Court
LC No. 17-002247-02-FC

KOBI AUSTIN TAYLOR,

Defendant-Appellant.

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

Defendant, Kobi Austin Taylor, has been sentenced four times for convictions related to his role in the murders of two people during an armed robbery in February 2017. The judge who presided over Taylor's jury trial sentenced and resentenced Taylor above his minimum sentencing guidelines range. Following Taylor's second resentencing, this Court affirmed, *People v Taylor*, unpublished per curiam opinion of the Court of Appeals, issued June 9, 2022 (Docket No. 357772) (*Taylor II*). However, our Supreme Court reversed this Court's judgment, and remanded the case for Taylor to be resentenced by a different judge. *People v Taylor*, 510 Mich 951 (2022) (*Taylor III*). Taylor now appeals his sentence to concurrent terms of 35 to 75 years' imprisonment for his second-degree murder convictions, MCL 750.317, 15 to 30 years' imprisonment for his armed robbery convictions, MCL 750.529, to be served consecutively to a two-year term of imprisonment for his carrying a firearm during the commission of a felony (felony-firearm), conviction, MCL 750.227b(1). Because we hold that the resentencing court did not abuse its discretion or sentence Taylor for acquitted conduct, we affirm.

## I. BACKGROUND

### A. FACTS

On February 6, 2017, Taylor and his codefendants, Dominik Charleston[1] and Amber Tackett,[2] planned to rob Jordan Baker. Taylor contacted Baker to buy marijuana and, during the robbery of Baker, Charleston shot Baker and another victim, Howard Wick. Both victims died from their injuries. After the shooting, Taylor searched the victims for drugs to steal and he told police that other, innocent people committed the crimes.

Police later arrested Taylor and the prosecutor charged him with two counts of first-degree murder, MCL 750.316, two counts of armed robbery, MCL 750.529, and felony-firearm, MCL 750.227b. As noted, the jury convicted Taylor of the lesser offenses of second-degree murder as well as the other charged crimes. Although Taylor's minimum sentencing guidelines range was 22½ to 37½ years' imprisonment, the trial court sentenced Taylor to 65 to 95 years' imprisonment for each second-degree murder conviction, 18 to 40 years' imprisonment for each armed robbery conviction, as well as a consecutive sentence of 2 years' imprisonment for his felony-firearm conviction.

### B. APPEALS AND REMANDS

Taylor appealed his convictions and sentences, and this Court affirmed his convictions, but remanded for resentencing because "the trial court did not specifically address 19-year-old Taylor's background or how the sentence imposed was more proportionate to him, which is the basis of the proportionality requirement." *Charleston*, unpub op at 2, 8-9. This Court stated:

> The trial court made no reference to Taylor's background at all, leaving an implication that it did not take into account the background of the offender as it is required to do when departing upward from the sentencing guidelines. [*People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017)] (quotation marks and citations omitted). The trial court also did not justify *why* this specific, significant

---

[1] A jury convicted Charleston of two counts of first-degree premeditated murder, MCL 750.316(1)(a), two counts of first-degree felony murder, MCL 750.316(1)(b), two counts of armed robbery, MCL 750.529, and felony-firearm, MCL 750.227b. *People v Charleston*, unpublished per curiam opinion of the Court of Appeals, issued March 5, 2019 (Docket Nos. 339923 and 340027). The trial court sentenced Charleston to life imprisonment for the first-degree murder convictions, and to lesser sentences for his other convictions. This Court affirmed Charleston's convictions and sentences, *id*., unpub op at 4, and our Supreme Court denied his application for leave to appeal. *People v Charleston*, 504 Mich 948 (2019).

[2] Tackett pleaded guilty to one count of armed robbery and one count of felony-firearm and was sentenced to 5 to 20 years' imprisonment for armed robbery, consecutive to two years' imprisonment for felony-firearm. Tackett applied for leave to appeal, but this Court denied her application. *People v Tackett*, unpublished order of the Court of Appeals, entered February 14, 2018 (Docket No. 341831).

upward departure (22½ to 37½ years recommended versus 65 to 95 years imposed) is more proportionate to the offense and the offender than a different sentence would have been. [*People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017).] We therefore remand for resentencing to allow the trial court to take Taylor's background into account and explain why the sentence imposed was more proportionate to Taylor than that indicated in his sentencing guidelines. [*Charleston*, unpub op at 9.]

On remand, the trial court affirmed Taylor's original sentences. The trial court concluded: "[E]ven taking into consideration his upbringing, his home environment, his lack of formal education, I still find that this upward departure is justified by the facts and circumstances presented in this case. I stand by my decision and I decline to resentence him."

Taylor again appealed, and this Court again remanded the case to the trial court for resentencing. *People v Taylor*, unpublished per curiam opinion of the Court of Appeals, issued May 20, 2021 (Docket No. 353175) (*Taylor I*). This Court observed that the trial court "contemplated [Taylor's] personal background and history," but "did not explain why the murder sentences were more proportionate to the offenses and the offender than that recommended under the sentencing guidelines." *Id*. at 2. Specifically, this Court ordered that the trial court "shall hold a resentencing hearing and explain why the 65-year minimum sentence the court imposed for each of the murder convictions was more proportionate than a sentence within the minimum sentence guidelines range, which had a top end of 37 ½ years." *Id*.

On remand, the trial court again affirmed Taylor's original sentences. The trial court stated that the sentencing guidelines were "woefully . . . inadequate to address the role that Taylor played in all of this." Regarding the proportionality of the sentences, the trial court concluded that

the likelihood of rehabilitation is slim, to none. I think that anyone, at the age of nineteen, who shows such a reckless disregard for the value of human life, poses a significant danger to society. . . . And I think that's why . . . my sentence is proportionate. And I think . . . that's why the guidelines were inadequate to address the crime. And I think that that's why upward departure was appropriate.

Taylor appealed to this Court for a third time, and this Court affirmed Taylor's sentences in *Taylor II*. This Court stated: "[T]he trial court explained why [Taylor's] out-of-guidelines sentence was more proportionate to the offense and the offender in light of the reckless and egregious actions taken by [Taylor] before, during, and after the homicides." *Id*. at 3. Taylor applied for leave to appeal in our Supreme Court and, as discussed, the Court reversed this Court's judgment, vacated the trial court's sentences, and remanded to the trial court for resentencing "before a different judge" in *Taylor III*. The Supreme Court specifically ruled as follows:

The trial court, for the third time, failed to address the extent of the 27 1/2-year upward departure sentences that were imposed in this case and explain why such a departure was warranted. *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017) (a sentencing court "abuse[s] its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed"), and *People v Smith*, 482 Mich 292, 305-306; 754 NW2d 284

(2008) ("the trial judge gave no explanation for the extent of the departure independent of the reasons given to impose a departure sentence"). [*Taylor III*, 510 Mich at 951.]

## C. THIRD RESENTENCING HEARING

On remand from our Supreme Court, the newly-assigned judge resentenced Taylor, as noted, to 35 to 75 years in prison for the second-degree murder convictions and to 15 to 30 years for the armed robbery convictions to be served consecutively to the mandatory two-year sentence for felony-firearm. These murder sentences fell within Taylor's minimum guidelines range of 22½ to 37½ years' imprisonment. At the resentencing hearing, the court stated:

> [T]his record establishes, loudly and clearly, that Taylor engaged in very predatory behavior. . . . [H]e was maybe not as education [sic] as we would like to think, hope, for a young man, but he was a person that was very comfortable in the streets, based on the record. He was manipulative. . . . [T]hough he had, perhaps, a learning disability, . . . he had the ability to manipulate people, and to premeditate criminal activity, which he did. Which resulted in the death of two young men.

The resentencing court took into consideration "the entirety of the record," which included the fact that Taylor was the "master mind" of the crimes and also "put the wheels in motion" that led to the double homicide. The resentencing court also observed Taylor's "lack of remorse" and attempts "to frame others for this horrendous crime."

Taylor moved this Court to remand, raising similar claims to those made in his brief on appeal. This Court denied the motion, "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar." *People v Taylor*, unpublished order of the Court of Appeals, entered February 26, 2024 (Docket No. 366990). This appeal followed.

## II. REASONABLENESS OF TAYLOR'S SENTENCES

## A. STANDARD OF REVIEW AND APPLICABLE LAW

Taylor argues that his minimum sentences of 35 years' imprisonment for each second-degree murder conviction are unreasonable and disproportionate.

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500 Mich at 471. "The trial court's fact-finding at sentencing is reviewed for clear error." *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012) (quotation marks and citation omitted).

In accordance with our Supreme Court's decision in *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), it is routinely recognized that the "legislative sentencing guidelines are advisory . . . ." *Steanhouse*, 500 Mich at 459. As our Supreme Court also made clear in

*Steanhouse*, the sentencing "guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts ' "must consult" ' and ' " take . . . into account when sentencing," ' *Lockridge*, 498 Mich at 391, and . . . that 'the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range . . . .' " *Steanhouse*, 500 Mich at 474-475, quoting *Milbourn*, 435 Mich at 661. Sentences that fall within a defendant's minimum sentencing guidelines range have a nonbinding presumption of proportionality that a defendant may overcome by showing that the sentence is nonetheless unreasonable or disproportionate. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023), (opinion by BOLDEN, J.), see also *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment); *id*. at 390-391 (WELCH, J., concurring in part, dissenting in part, and concurring in the judgment). "[C]hallenges to within-guidelines sentences are reviewed for reasonableness according to the test outlined in *Steanhouse*." *Id*. at 326 (BOLDEN, J.). In *Steanhouse*, our Supreme Court outlined the standard for determining the reasonableness of a sentence:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." [*Steanhouse*, 500 Mich at 459-460.]

Principles that guide proportional sentencing in Michigan include "(a) the reformation of the offender, (b) protection of society, (c) the disciplining of the wrongdoer, and (d) the deterrence of others from committing like offenses." *People v Bennett*, 335 Mich App 409, 418; 966 NW2d 768 (2021) (quotation marks and citation omitted).

## B. DISCUSSION

Taylor's minimum sentences of 35 years' imprisonment for each second-degree murder conviction fell within the recommended guidelines range, but we must nevertheless review the sentences for reasonableness. See *Posey*, 512 Mich at 326 (opinion by BOLDEN, J.).

The resentencing court considered multiple factors when deciding Taylor's sentences, including the facts of the case, the presentence investigation report (PSIR), and Taylor's background. Taylor's primary contention on appeal is that the court violated the principle of proportionality by failing to recognize his potential for rehabilitation. Contrary to Taylor's assertion, the resentencing court fully considered Taylor's background and mitigating circumstances, which were "exceedingly well documented" in his resentencing memorandum. The court stated:

> [I]t's appropriate to consider the thoughts and comments of the mitigation specialist. . . . It is entirely reasonable and appropriate to consider Taylor's behavior, his family life, before[] . . . these two young men were murdered. It's appropriate to be mindful of what is described as Taylor's psychiatric history, the fact that he was homeless. . . . That he had a very difficult relationship with his parents. That he left school, was in special education, and was identified as having

a learning disability . . . for which he received Social Security benefits. It is appropriate for the Court to consider all . . . these background considerations, all these background materials, as part of fashioning an appropriate sentence, and . . . to consider the person who perpetrated these crimes.

Furthermore, the resentencing court considered the serious circumstances surrounding the offenses, emphasizing how Taylor planned the robbery and put his plans in motion, which is what led to the double murder. The resentencing court also considered the impact on the families of the victims, as well as Taylor's lack of remorse.

Taylor makes a cursory reference to a report by Dr. Atara Abramski that he has "the potential to be rehabilitated," and maintains that his sentences should have been several years shorter to allow earlier access to rehabilitative resources. However, the record reflects that the court carefully fashioned Taylor's sentences by considering Taylor's history and circumstances, the details of the crimes, and also Taylor's rehabilitative potential. Because Taylor had more than 30 misconduct incidents in his relatively brief period of incarceration, the court observed that Taylor showed indifference to his own potential for rehabilitation, a failure to make an effort toward rehabilitation, and an inclination to behave dangerously "in a socially unacceptable way."

The record clearly reflects that the court considered Taylor's potential for rehabilitation, which is one of several factors used to determine proportionality in sentencing. Viewing the plethora of information about Taylor and the offenses, the court did not abuse its discretion by imposing Taylor's sentences, and he is not entitled to resentencing. See *Steanhouse*, 500 Mich at 459-460, 471.

## III. ACQUITTED CONDUCT

Taylor further claims the court violated his due process rights because it used the word "premeditated" during resentencing, even though he was acquitted of first-degree murder. Again, we disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

"This Court reviews de novo a question of constitutional law." *People v Warner*, 339 Mich App 125, 157; 981 NW2d 733 (2021) (quotation marks and citation omitted). "A sentencing court's underlying factual findings in support of a sentence are reviewed for clear error." *People v Taylor*, 510 Mich 112, 128; 987 NW2d 132 (2022). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009) (quotation marks and citation omitted).

"[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). "Once acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *Id.* at 609.

## B. DISCUSSION

At resentencing, the trial court reviewed the trial record, Taylor's PSIR, and a plethora of information about Taylor's background. Defense counsel stated that Taylor "got caught up in this situation," that his history did not suggest he would decide to murder anyone, and that the crimes were the result of teenage "impulsivity." In response, the trial court stated, "[Y]ou speak of impulsivity. . . . I don't find that impulsive is the word to describe Taylor's behavior. . . . [R]ather, it seems premeditated. . . . [A]s Taylor got the wheels in motion." A short time later, when discussing Taylor's criminal history, education, and conduct, the court observed that, despite a learning disability, Taylor was able "to manipulate people, and to premeditate criminal activity . . ." which ultimately led to the death of two young men. Taylor maintains that the court's use of the word "premeditate" shows that it sentenced him for conduct related to first-degree murder, even though the jury convicted him of second-degree murder and acquitted him of first-degree murder. Although we recognize that premeditation is an element of first-degree murder and that Taylor was acquitted of first-degree murder, we disagree with Taylor's assertion that the trial court's use of the word meant that it sentenced Taylor for acquitted conduct.

"The elements of first-degree murder are (1) the intentional killing of a human (2) with premeditation and deliberation." *People v Bass*, 317 Mich App 241, 265-266; 893 NW2d 140 (2016) (quotation marks and citation omitted). The elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice. *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998).[3] Specifically:

> Malice may be established in three ways: by showing (1) the intent to kill, (2) the intent to cause great bodily harm, or (3) the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm. [*People v Gafken*, 510 Mich 503, 511; 990 NW2d 826 (2022) (citation omitted).]

---

[3] This Court recently held "without justification or excuse" is not an element of second-degree murder. *People v Spears*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 357848); slip op at 12.

As discussed, at resentencing, defense counsel argued that Taylor's conduct was the result of youthful impulsivity.  In response, the court stated that "impulsivity" did not describe Taylor's behavior because evidence about his role in the crimes showed that he planned the robbery, he set up the drug deal in order to commit the robbery, and thereby set the plan in motion that led to the death of the two victims.  Taylor's emphasis on the word "premeditated" thus ignores the context and plain meaning of the court's statement.  Contrary to Taylor's assertion, the court did not in any way suggest that Taylor committed premeditated murder, or that it planned to sentence Taylor for premeditated murder, which would have been acquitted conduct.  Rather, in using the words premeditate and premediated, the court did not mean that Taylor planned for the victims to die, but to explain that Taylor did not act spontaneously because evidence showed he planned the robbery and set up the drug deal as part of that plan.  The resentencing court merely considered the circumstances and context surrounding Taylor and the sentencing offenses, and did not consider acquitted conduct.  Accordingly, Taylor is not entitled resentencing on this claim.

Affirmed.


/s/ Anica Letica
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney