*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARCHELLE MONIQUE CHANEY,

Defendant-Appellant.

FOR PUBLICATION
April 18, 2019
9:05 a.m.

No. 341723
Wayne Circuit Court
LC No. 17-005195-01-FC

Before: SHAPIRO, P.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of second-degree child abuse, MCL 750.136b(3), and sentenced to 2 to 15 years' imprisonment. Defendant appeals, challenging the trial court's assessment of 25 points for Offense Variable (OV) 3. For the reasons stated below, we reverse and remand for resentencing.[1]

I.

OV 3 "is physical injury to a victim." MCL 777.33(1). In scoring OV 3, the focus is not on the defendant's actions; "rather, OV 3 assesses whether a *victim's injuries* were life-threatening." *People v Rosa*, 322 Mich App 726, 746; 913 NW2d 392 (2018). Accordingly, we need not recount the evidence underlying defendant's conviction or the competing theories of

---

[1] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 38.

what took place. Suffice to say that a three-year-old child, DM, suffered severe burns from hot bath water while in defendant's care.

DM was hospitalized with second-degree scalding burns on each leg, extending from the middle shin to the foot. Dr. Lydia Donoghue was DM's pediatric surgeon. Dr. Donoghue testified at trial that within a few days of presenting to Children's Hospital, DM's burns deepened and progressed to third-degree, full thickness burns, requiring treatment. The testimony along with the medical records established that DM remained in the hospital for several weeks as a result of her injuries and that she underwent multiple debridement surgeries and skin grafts.

At sentencing, the prosecution argued that 25 points should be assessed for OV 3 because the injuries were either life threatening or caused a permanent incapacitating injury to DM. The prosecution argued that DM incurred third-degree burns on seven percent of her body, she was in the hospital for over a month, she had a feeding tube, she was given morphine, and she had been at risk for infection. Defense counsel argued that OV 3 should be scored at 10 points because the injury was not life threatening and a permanent incapacity did not occur, but rather, an injury that required medical care resulted from the incident. The trial court scored OV 3 at 25 points, finding that defendant's actions "threaten[ed] the life of that child."

II.

Defendant contends that the evidence did not support a 25-point assessment for a life-threatening injury, and OV 3 should have been scored at 10 points for bodily injury requiring medical treatment. We agree.

OV 3 is scored at 25 points when "[l]ife threatening or permanent incapacitating injury[2] occurred to a victim." MCL 777.33(1)(c). Ten points are assessed when bodily injury requiring medical treatment occurred to a victim. MCL 777.33(1)(d).

The goal of statutory interpretation is to give effect to the Legislature's intent, which is most readily ascertained by examining the statute's words. *People v Flick*, 487 Mich 1, 10-11; 790 NW2d 295 (2010). The phrase "life threatening" as used in MCL 777.33 is not defined by the statute. Accordingly, we may consult a dictionary to determine the ordinary meaning of that phrase. *People v Thompson*, 477 Mich 146, 151-152; 730 NW2d 708 (2007). The *Merriam-Webster Online Dictionary* defines "life-threatening" as "capable of causing death : potentially fatal." See <https://www.merriam-webster.com/dictionary/life-threatening> (accessed April 15, 2019).

As an initial matter, the trial court incorrectly relied on defendant's actions in assessing 25 points for OV 3. Whether defendant's actions placed the child in a life-threatening situation

---

[2] The trial court did not find that a permanent incapacitating injury occurred, nor does the prosecutor make that argument on appeal. Accordingly, we will address only whether the evidence established that a life-threatening injury occurred.

is irrelevant. As stated, in scoring OV 3 the question is whether the victim's *injuries* were life threatening. *Rosa*, 322 Mich App at 746.

After reviewing the medical records, we conclude that the trial court clearly erred in finding that the victim incurred a life-threatening injury. The medical records do not indicate that DM's injuries were potentially fatal. Nor did Dr. Donoghue testify to that effect. While the victim suffered a serious injury requiring a lengthy hospitalization, no heroic measures were needed and there is no suggestion in the records that DM's life was ever in danger. Her burn wounds required multiple procedures, but the medical records show that there were no complications and that she was in stable condition throughout her hospital stay. The fact that the DM's injuries required significant and ongoing medical treatment does not by itself establish a life-threatening injury as this would render MCL 777.33(1)(d) (10 points for bodily injury requiring medical treatment) nugatory.[3] See *People v Pinkney*, 501 Mich 259, 282; 912 NW2d 535 (2018). Instead, we must give effect to the ordinary meaning of "life threatening" by requiring some evidence indicating that the injuries were, in normal course,[4] potentially fatal. In the absence of evidence suggesting that DM's life was placed at risk or more general evidence establishing that the injury suffered is by nature a life-threatening injury, the trial court's finding was clearly erroneous, i.e., not supported by preponderance of the evidence. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Defendant is entitled to resentencing because the trial court's erroneous scoring of OV 3 affected defendant's minimum sentence guidelines range. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly

---

[3] The term "requiring medical treatment" is necessarily broad. We have approved the assessment of 10 points for OV 3 when the degree of medical treatment required has been modest. See e.g., *People v Bosca*, 310 Mich App 1, 50-51; 871 NW2d 307 (2015); *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). In the absence of evidence showing that the victim's life was threatened, an injury requiring substantial medical treatment fits squarely within MCL 777.33(1)(d).

[4] Certainly there are many conditions that if not treated can become life threatening. Our review must take into account the effect of medical treatment.